BOATMAN *v.* STATE OF INDIANA.

[No. 29,370.   Filed September 24, 1956.]

*Paul I. Hillis* and *Marshall, Hillis & Hillis* (of counsel), all of Kokomo, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Harriette Bailey Conn,* Deputy Attorneys General, and *Darrel L. Hodson,* Prosecuting Attorney, Howard County, for appellee.

LANDIS, C. J.—Appellant was charged by affidavit with the crime of kidnapping, and after a trial by the court, a jury being waived, was convicted and sentenced to life imprisonment. He appeals from the judgment of conviction.

Appellant on this appeal relies on the following specifications of his assignment of errors, to-wit:

(1) The overruling of his motion for new trial, and

(2) Manifest error in the record in that the finding and decision of the court is not sustained by sufficient evidence and is contrary to law.

The second specification of the assignment of errors is improper and presents no question, as it is well settled the sufficiency of the evidence to sustain the finding or decision cannot be presented by an independent assignment of error. Instead, such ground should be set forth in the motion for new trial, and the action of the court in overruling the motion for new trial may then be assigned as error on appeal to raise the question. *True* v. *State* (1950), 228 Ind. 565, 94 N. E. 2d 452; Lowe's Rev. of Works' Ind. Pract. Vol. 4, §70.73; 2 Gavit, Pleading and Practice, §§400, 419, 469.

Appellant, through his pauper counsel appointed to appeal this case, admits in his brief that "procedural requirements for presenting errors were not followed in the motion for new trial" filed by his trial counsel who has since withdrawn from the case, but asks that the court review the record insofar as it might disclose that his substantial rights were violated.

Appellant contends the record discloses appellant was permitted by his trial counsel to enter his plea to the affidavit the day after his arrest and that he had not ample opportunity to discuss material matters. Appellant further contends that he lost his fundamental right to test the sufficiency of the affidavit by entering his plea to the affidavit before filing motion to quash, and also to take a change of venue from the county as the motion therefor was not filed until the date of trial.

It appears in this case that appellant was represented from the time of his arrest until after the overruling of his motion for new trial by counsel of his own ■ choosing. We do not believe any showing has been made that appellant received only a "perfunctory representation by counsel" as appeared in the case of *Wilson* v. *State* (1943), 222 Ind. 63, 51 N. E. 2d 848, 850, relied on by appellant.

We cannot conclude in the case before us that appellant was deprived of the opportunity of discussing his case with counsel before pleading to the charge ■ simply because his counsel allowed him to plead not guilty the day after his arrest. It further appears appellant had an abundance of opportunity to consult with his counsel before the trial, as two months elapsed from the time he obtained counsel before his trial. Had he desired during such period to withdraw his plea or enter a different one, there is nothing to indicate he would not have been permitted to do so. This case is certainly distinguishable from *Sweet* v. *State* (1954), 233 Ind. 160, 117 N. E. 2d 745, cited by appellant, where the accused was given but three days within which to prepare for trial.

The filing of motion to quash after appellant had pleaded not guilty to the affidavit may have prevented the court from considering the merits of the ■ motion to quash, as contended by appellant, as there is authority to the effect such a motion cannot properly be filed after a plea is entered unless the plea is withdrawn. *Laycock* v. *State* (1894), 136 Ind. 217, 36 N. E. 137; *Epps* v. *State* (1885), 102 Ind. 539, 1 N. E. 491; *Joy* v. *State* (1860), 14 Ind. 139.

However, appellant has made no showing he was harmed thereby, as his brief does not contend the mo-

tion to quash was meritorious or the affidavit defective, but merely that appellant could have raised a possible question by such a motion. This court will not attempt to second guess one's trial counsel as to what theoretical questions he should raise on behalf of an appellant.

Appellant's complaint with his trial counsel over counsel's failure to file the change of venue motion before the day of trial certainly cannot be charged against his counsel, as appellant personally signed an affidavit to the effect he didn't know of the prejudice until the day of the trial. Indeed appellant cannot now disavow his own signed affidavit to suggest his counsel was incompetent. Furthermore, appellant does not contend the change of venue would have been granted or that he was legally entitled to the same in this case, regardless of when the motion therefor was filed, it being the settled rule that the granting or refusal of a change of venue from the county in prosecutions for felony not punishable by death is within the sound discretion of the trial court. See: *Pindell* v. *State* (1925), 196 Ind. 175, 147 N. E. 711.

Appellant next contends the evidence wholly fails to prove intent to kidnap James Poling, in that the evidence only showed the taking of Poling's car for use in escaping arrest and return to the Howard County jail. The short answer to this is that the evidence indicates appellant entered the rear door of Poling's car, stuck a knife in his ribs and said "Get going". That Poling thereupon drove his car for about a mile and then appellant took over the driving, forced Poling to turn over his money, which was used for gasoline, and kept him on the floor in the rear of the car by

threat of injury while they proceeded to Evansville and then toward Rockport, Indiana. That in Rockport, Indiana, Poling jumped from the car while in motion and notified the State Police.

There is at least evidence in the record that appellant "forcibly" carried off or decoyed Poling from a place in the State of Indiana. It is a well settled rule that where an offense charged is the violation of a statute, the only intent necessary to the commission of the offense is the intent to do the prohibited thing. *Knight & Jillson Co.* v. *Miller* (1909), 172 Ind. 27, 87 N. E. 823; 8 Am. and Eng. Ency. Law (2d Ed.), pp. 290, 291; *Standard Oil Co.* v. *State* (1906), 117 Tenn. 618, 100 S. W. 705, 10 L. R. A. (N. S.) 1015; *State* v. *Missouri, K. & T. Ry. Co. of Texas* (1906), 99 Texas 516, 91 S. W. 214, 5 L. R. A. (N. S.) 783.

As no prejudicial error has been shown by appellant to have been committed, the judgment is affirmed.

Achor, Arterburn, Bobbitt and Emmert, JJ., concur.

NOTE.—Reported in 137 N. E. 2d 28.