STATE OF INDIANA *v.* SCHROEPPEL.

[No. 29,821. Filed December 14, 1959.]

*J. Gordon Gibbs, Walter O. Lewis,* Prosecuting Attorney and Deputy Prosecuting Attorney, respectively, Fifty-fifth Judicial Circuit, and *Edwin K. Steers,* Attorney General, for appellant.

*Frank R. Ryan,* of Danville, for appellee.

JACKSON, J.—This is an appeal by the state of Indiana from the decision and ruling of the trial court, in a criminal case, sustaining the motion of the defendant for a discharge made at the close of the state's evidence, and the judgment rendered thereon discharging the defendant.

The defendant, appellee, was charged, by affidavit, with the crime of Petit Larceny, in connection with the theft of a storage battery.

While this court does not weigh evidence, on the reserved question of law submitted by the State, we are constrained to agree with the State that the evidence adduced by the State proved the corpus .delicti. *Mason* v. *State* (1908), 171 Ind. 78, 85 N. E. 776, 16 Ann. Cas. 1212; *Davidson* v. *State of Indiana* (1933), 205 Ind. 564, 187 N. E. 376.

The record in this case shows that the battery allegedly stolen by the defendant was by him sold the morning after the alleged theft.

The State as an appellant also claims that the court erred in sustaining the appellee's motion for discharge "for the reason that the defendant was not identified in court as the person who committed the crime charged in the affidavit." The evidence shows that the prosecuting witness stated that after he discovered his battery

was stolen, he followed the tracks from his truck from which the battery was taken to the property and home where the defendant was residing; and that he had known the defendant personally for many years. The evidence further shows that witness, Leon Shorr, a scrap and metal buyer, stated that "Mr. Schroeppel sold it [battery] to me. I don't know the exact time; early in the morning between seven and eight o'clock in the morning. I think he was my first customer there that morning."

The evidence further shows that at various times Fred Schroeppel, the appellee (defendant below), was referred to from time to time as "the defendant" during the trial. We may assume the defendant was present in court since the law requires his presence during the trial and no issue is made on that point. It is well settled that a defendant may be identified by name. No mention is made during the trial of any person other than the defendant bearing the same name. The defendant in this case is sufficiently identified by name as well as being referred to as "the defendant," who was present in court "here."

The trial court erred in sustaining the motion on the ground that the defendant was not sufficiently identified.

Arterburn, C. J., Bobbitt and Landis, JJ., concur.

Achor, J., not participating because of illness.

NOTE.—Reported in 162 N. E. 2d 683.