JAMES A. PRESTON v. STATE OF INDIANA.

[No. 971S283. Filed September 27, 1972.]

*Wendell L. Ham, Jr.,* of Huntington, for appellant.

*Theodore L. Sendak,* Attorney General, *Michael Schaefer,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by James A. Preston from a judgment in the Wabash Circuit Court.* Appellant was charged by affidavit with two counts of Public Indecency. Upon conviction, he was fined in the sum of $100 and sentenced to the Indiana State Farm for six (6) months. Appellant's Motion to Correct Errors was overruled and this appeal followed.

The issues presented for review on appeal are as follows:

1. Was the appellant properly identified at trial as being the person who committed the alleged offense?

2. Is voluntary intoxication a valid defense to a charge of public indecency?

3. Was the admission in evidence of certain testimony describing the mental and physical after-effects suffered by three minor females as a result of the alleged crime prejudicial error?

On January 24, 1971, one Richard Butzin drove to the Wabash Village Shopping Center in Wabash, Indiana, to see his wife who was employed there. Mr. Butzin parked his car in front of the store where his wife worked and went inside. He left his three daughters, ages eight, seven and five, in the car. While inside the store, Mr. Butzin looked out the window

---

* This case was reassigned to this office on August 14, 1972.

where he noticed the appellant standing by the side of the car which contained his three daughters. When Mr. Butzin further observed that the appellant had exposed himself and was masturbating in front of his daughters, he ran outside and apprehended him.

While waiting for the police to arrive, the appellant made the following statements: "Can you guys prove it?"; "You'd better be able to prove it." The appellant also stated that he "wouldn't do it again." Witnesses testified that the appellant smelled of alcohol and that he appeared to be intoxicated.

When the police arrived, the appellant was arrested and the next day he pleaded guilty to a charge of public intoxication. A few days later, he was re-arrested and charged with public indecency.

Appellant's first contention is that the State failed to have the witnesses identify the appellant at trial as being the person who committed the offense. It is true that no witness *pointed* to the appellant at trial and said, "that is the man." However, at least three witnesses referred to the "defendant" as being the person at the shopping center who committed the crime. A similar question was presented in *State* v. *Schroeppel* (1959), 240 Ind. 185, 187, 162 N. E. 2d 683, 684, where we stated:

> "The evidence further shows that at various times Fred Schroeppel, the appellee (defendant below), was referred to . . . as 'the defendant' during the trial. We may assume the defendant was present in court since the law requires his presence during the trial and no issue is made on that point. It is well settled that a defendant may be identified by name."

For the reasons stated in *Schroeppel,* we conclude that the appellant was sufficiently identified and that no error occurred in regard to this matter.

It is next contended that appellant was too intoxicated to form the necessary intent to commit the crime. Almost all of the evidence indicates that appellant appeared to be either

intoxicated or at least, to some extent, under the influence of alcohol. Appellant testified that he had no recollection of the incident whatsoever. Donald Hall, who was called as a witness for the appellant, testified that he and the appellant had consumed a considerable amount of liquor immediately prior to the incident, and that, in his opinion, the appellant was seriously intoxicated. Other witnesses, however, testified that although the appellant may have been drinking, it did not appear to them that he was so intoxicated that he was unable to comprehend the nature of his actions. Furthermore, the evidence indicates that the appellant was able to understand and respond to questions which were put to him by Mr. Butzin at the scene of the crime.

As a general rule, voluntary intoxication is not a defense to a criminal charge. See, *Daniels* v. *State* (1971), 257 Ind. 376, 274 N. E. 2d 702; *Dobbs* v. *State* (1957), 237 Ind. 119, 143 N. E. 2d 99. An exception to this rule exists for crimes involving specific intent, but this is a question of fact for the jury. *Daniels* v. *State, supra; New* v. *State* (1970), 254 Ind. 307, 259 N. E. 2d 696; *Cotton* v. *State* (1965), 247 Ind. 56, 211 N. E. 2d 158. In *Boatman* v. *State* (1956), 235 Ind. 623, 628, 137 N. E. 2d 28, 30, we stated:

> "It is a well settled rule that where an offense charged is the violation of a statute, the only intent necessary to the commission of the offense is the intent to do the prohibited thing."

We are of the opinion that there is substantial evidence of probative value sufficient to support the finding by the jury that the appellant intended his actions, and such a determination will not be disturbed on appeal.

Appellant's final argument is that it was prejudicial error to permit the parents of the three minor children to testify in regard to the effect the appellant's act had on the three children. Appellant relies on our decision in *Rowe* v. *State* (1968), 250 Ind. 547, 237 N. E. 2d 576, to support his posi-

tion. In *Rowe,* the State was allowed to show, over objection, that a murder victim left a wife and two children surviving him. In regard to that issue, we recognized that when such evidence is not material or relevant to the case, the introduction of such testimony is prejudicial. However, the issue presented in *Rowe* is far different from the one before us in the present case. Appellant was charged pursuant to IC 1971, 35-1-83-3, (Ind. Ann. Stat. § 10-2801 [1956 Repl.]), which provides:

> "Whoever, being over fourteen [14] years of age makes an indecent exposure of his person in a public place, or in any place where there are other persons to be offended or annoyed thereby, or uses or utters any obscene or licentious language or words in the presence or hearing of any female, is guilty of public indecency, and, on conviction, shall be fined not less than five [$5] dollars nor more than one hundred dollars [$100], to which may be added imprisonment in the county jail not exceeding six [6] months; Provided, That whenever the indecent exposure is committed in the presence of a child or children *of sufficient age and understanding to comprehend the nature and consequences of sexual attack or sexual abuse* and whenever such child or children are under the age of 14 years and whenever such indecent exposure is committed by a person of the opposite sex who is over the age of 18 years under circumstances *which tend to excite the fear of sexual attack or sexual abuse of such child or children,* the punishment may be imprisonment for a period of time not to exceed one [1] year, to which may be added a fine not to exceed $500.00." (our emphasis)

From a close reading of the statute it appears that the child's *understanding to comprehend the consequences* of sexual attack or abuse and the *act's tendency to excite the fear* of sexual attack or abuse are elements of the crime. Thus is was not error, for example, to admit evidence of the fact that one of the children vomited immediately after the appellant was apprehended by Mr. Butzin. Similarly, it was not error to admit testimony which indicated that after this incident occurred the children frequently suffered night-

mares and were afraid to go to Sunday School by themselves. This testimony tends to establish material elements of the crime and it was properly admitted in evidence.

For all of the foregoing reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

Arterburn, C.J., Givan and Prentice, JJ., concur; DeBruler, J., dissents with Opinion.

### DISSENTING OPINION

DEBRULER, J.—I dissent on the grounds that the lack of identification of the appellant in the State's case required a directed verdict in his behalf.

It seems to me that basic due process would require that when the evidence linking the appellant to the alleged criminal acts is an eye-witness identification the in-court identification should consist of pointing out which person in the court committed the acts. It is a material element of the State's case to prove that the person who committed the crime is the person presently on trial. Having a supposed eye-witness testify to a name or refer to the title "defendant" does not tend to prove this element but merely tends to establish that criminal acts were committed by a person who may or may not be the present defendant. Trials are designed to test the truth or falsity of allegations made against a person in custody not against a name in the abstract. A definite link must be established between the person actually on trial and the crime. It is not sufficient to simply link the crime and a name.

NOTE.—Reported in 287 N. E. 2d 347.