SIMS STEVENSON *v.* STATE OF INDIANA.

[No. 2-174A52. Filed November 14, 1974.]

*Theodore M. Koch,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

CASE SUMMARY

BUCHANAN, J.—The Defendant-Appellant Sims Stevenson (Stevenson) appeals trial court judgment convicting him of Vehicle Theft under the Offenses Against Property Act[1] and Assault with Intent to Kill, claiming insufficient evidence and prosecutorial misconduct.

We affirm.

---

1. Under IC 1971, 35-17-5-3, Ind. Ann. Stat. § 10-3030 (Burns Supp. 1974).

## FACTS

The facts most favorable to the State are:

On January 4, 1973, while waiting for a stop light in the 2100 block of N. College Ave., Indianapolis, Indiana, Officer Jerry Gillespie observed a 1970 Chrysler Newport and recognized the driver to be Stevenson whom Officer Gillespie had known since August, 1972. Knowing that Stevenson was wanted on a warrant he followed the Chrysler and contacted police headquarters to determine if the car was stolen.

After being informed that the Chrysler had been stolen from a Beech Grove residence on December 5, 1972, Officer Gillespie pursued Stevenson who sped away to avoid capture.

Unable to negotiate a turn Stevenson wrecked the stolen car and fled on foot. Officer Gillespie, in hot pursuit, reached the wrecked Chrysler and at gun point restrained a passenger in the car who had been unable to escape.

The escaping Stevenson was approximately 25-30 feet away from the wrecked Chrysler near a fence when Officer Gillespie heard a shot. Then he heard a second shot and saw flame, and ducked down behind the car door returning three shots at Stevenson.

Neither participant was struck by bullets and the Officer was unable to apprehend Stevenson at that time. Subsequently, about two months later, Stevenson was arrested by other police officers.

The police did not find any trace of a gun, bullets, or bullet holes at the scene.

Stevenson testified that he was not driving the stolen vehicle on January 4, 1973, and that he did not fire any kind of weapon at Officer Gillespie.

Stevenson was convicted by the trial court of both charges and sentenced to concurrent sentences of one to ten years for Vehicle Theft, and two to fourteen years for Assault with Intent to Kill.

## ISSUES

Issues raised by Stevenson are:

### ISSUE ONE

Was there sufficient identification of Stevenson as the driver of the stolen automobile?

### ISSUE TWO

Was there sufficient evidence to support the conviction of Assault with Intent to Kill?

### ISSUE THREE

Was Stevenson prejudiced by the conduct of the Prosecutor during the course of the trial?

As to ISSUE ONE, Stevenson claims that no evidence was presented at trial which directly identified him as being the same "Sims Stevenson" who allegedly committed these offenses.

The State argues the identity of Stevenson is supported by Officer Gillespie's testimony and is therefore sufficient.

As to ISSUE TWO, Stevenson asserts that failure to discover any gun, bullets, or bullet holes allegedly fired from the gun, negates the elements of the crime of Assault with Intent to Kill.

The State replies that such evidence is not necessarily required to satisfy the elements of Assault with Intent to Kill and that Officer Gillespie's testimony that Stevenson did fire a gun at him is sufficient evidence.

As to ISSUE THREE, Stevenson claims that he was denied a fair trial because the Prosecutor asked leading and suggestive questions.

The State argues that the questions were proper but even if improper, Stevenson failed to specify the objectionable ones.

## DECISION

ISSUE ONE

CONCLUSION—It is our opinion that Officer Gillespie's identification was sufficient to establish Stevenson's identity beyond a reasonable doubt as the driver of the stolen automobile.

Stevenson's argument only goes to the weight of the evidence.

While it is true that no witness pointed to Stevenson at trial and identified him as the person who committed the crimes in question, Officer Gillespie referred to "Sims Stevenson" several times as the driver of the stolen Chrysler and the person who ran to the fence and fired shots at him.

He also testified to a previous acquaintanceship with Stevenson which caused him to recognize Stevenson as the driver of the stolen Chrysler in the first instance.

In *Preston* v. *State* (1972), 259 Ind. 353, 287 N.E.2d 347, the Court quoted from *State* v. *Schroeppel* (1959), 240 Ind. 185, 167 N.E.2d 683:

> " 'The evidence further shows that at various times Fred Schroeppel, the appellee (defendant below), was referred to . . . as 'the defendant' during trial. We may assume the defendant was present in court since the law requires his presence during the trial and no issue is made on that point. *It is well settled that a defendant may be identified by name.*' " (our emphasis) *Preston, supra,* 287 N.E.2d 348.

*See also,*

> *Rhodes* v. *State* (1972), 154 Ind. App. 594, 290 N.E.2d 504; *Norris* v. *State* (1968), 251 Ind. 155, 240 N.E.2d 45; *Sargent* v. *State* (1973), 156 Ind. App. 469, 297 N.E.2d 459.

ISSUE TWO

CONCLUSION—It is our opinion that there was sufficient evidence to support the conviction of Assault with Intent to Kill.

Again, Stevenson seeks to weigh the evidence.

The evidence most favorable to the State is the testimony of Officer Gillespie (in pertinent part):

"TESTIMONY OF OFFICER GILLESPIE

A. Sims Stevenson, at that time, ran to a fence—there was running east—there's a fence in his way. While I had the passenger—had the gun on the passenger, or my pistol on the passenger, Sims Stevenson turned around and I heard—heard a shot. At that time, I looked around and there was another shot, and I observed the flame. At that time, I ducked down behind the car door and returned three shots at him.

Q. What was Sims Stevenson firing at?

A. At me.

Q. How close did any of the bullets come, if you know.

A. I don't know.

Q. Did any of the bullets strike the car?

A. No.

Q. When was the next time you saw Sims Stevenson?

A. Next time I saw him was on March 28, 1973.

Q. So on the 4th day of January, 1973, you did not make a complete arrest of Sims Stevenson?

A. At that time, I did not complete the arrest, no.

*Mr. Thonert:* That's all the questions the State has, Your Honor.

*Court:* Cross examine, Mr. Koch."

"CROSS EXAMINATION

QUESTIONS BY MR. KOCH:

Q. I believe you stated when Sims Stevenson was by a fence you saw a flash?

A. I heard a shot, heard another shot—at the time I saw—heard the second shot, I observed flame.

Q. But nothing struck you.

A. No.

Q. Nothing struck the police car?

A. No.

Q. Nothing struck the Chrysler Newport?

A. No.

Q. Officer, when Sims Stevenson was near this fence, and you saw this flash and you heard this shot, approximately how far away were you from the Defendant, Sims Stevenson, at that time?

A. At that time, I was approximately 25 to 30 feet."

The elements of Assault with Intent to Kill are: a) an assault; b) with intent to kill. *Johnson* v. *State* (1972), 258 Ind. 648, 283 N.E.2d 532, 535. The assertion that there is insufficient evidence to support Stevenson's conviction is based on the failure by the State to produce any evidence of a gun, bullets or bullet holes. But it may reasonably be inferred from Officer Gillespie's account of Stevenson's position, the shots, the flame, and the Officer's reaction that Stevenson was firing at him with a gun. It can also be reasonably inferred that no other person was present and the gun was disposed of by Stevenson between the time of the episode and the time of his arrest approximately two months later. The elements of a crime may be proved beyond a reasonable doubt by direct or circumstantial evidence, or any combination thereof. *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554; *Ellis* v. *State* (1969), 252 Ind. 472, 250 N.E.2d 364; *Mandich* v. *State* (1946), 224 Ind. 209, 66 N.E.2d 69; *McAllister* v. *State* (1974), 161 Ind. App. 644, 317 N.E.2d 200; *Guyton* v. *State* (1973), 157 Ind. App. 59, 299 N.E.2d 233.

In *Mandich* v. *State* (1946), 224 Ind. 209, 66 N.E.2d 69, a conviction for second degree murder was upheld though no gun ever was produced and there was no direct evidence to show that the applicant had ever owned or possessed a weapon of the calibre used in the shooting. The court in *Mandich* decided:

"It could have been inferred that no other person was near; that the appellant was at the front door and very close to the decedent at the time he was shot; and that the shot came from a revolver in the hands of the appellant."

## ISSUE THREE

CONCLUSION—Stevenson's claim of prejudice due to improper conduct by the Prosecutor is not before us because Stevenson has failed to include in the Record the alleged improper questions . . . as required by AP. 8.3(a)(7).

Stevenson vaguely refers to a consistent course of misconduct by the Prosecutor in asking leading questions (4 out of 5 of his objections were sustained). Unfortunately he has neglected to specify the questions which allegedly prejudiced him as required by AP. 8.3(a) (7) and has therefore waived this issue.

*See,*

> *Coleman* v. *State* (1961), 241 Ind. 663, 175 N.E.2d 321; *Matthew* v. *State* (1972), 154 Ind. App. 182, 289 N.E.2d 336; *Miller* v. *State* (1971), 256 Ind. 296, 268 N.E.2d 299.

The judgment of the trial court is therefore affirmed.

Sullivan, P.J. and White, J., concur.

NOTE.—Reported at 318 N.E.2d 573.