135 N.J. Super. 154 (1975)
342 A.2d 884
STATE OF NEW JERSEY, PLAINTIFF,
v.
EDITH M. RUSSELL, DEFENDANT.
Superior Court of New Jersey, Bergen County Court, Law Division.
April 25, 1975.
Supplemental Opinion June 12, 1975.
*155 Mr. Robert Bresin for plaintiff (Mr. Joseph C. Woodcock, Jr., Bergen County Prosecutor, attorney).
Mr. Donald L. Garber for defendant.
PRESSLER, J.C.C.
Defendant Edith M. Russell appealed de novo to the County Court pursuant to R. 3:23-8(a) from her municipal court conviction of a drunk driving charge. The sole ground of the appeal, taken on the transcript of the trial below, is that the State failed to make an in-court identification of defendant. This court found the appeal to be wholly without merit.[1]
The State's case consisted of the testimony of Officer William McCarthy of the Ridgewood Police Department and Officer Joel Trella of the Bergen County Police Department, both of whom throughout their testimony repeatedly referred to defendant by name. According to their testimony, Officer McCarthy apprehended defendant after observing her driving her vehicle, of which she was the sole occupant, in a highly erratic manner. Except for a brief period during which she was transported by another Ridgewood police officer to local police headquarters, she was under Officer *156 McCarthy's continuous observation for well over an hour, both at the scene of the arrest and at headquarters, during which time her behavior and physical condition clearly indicated that she was intoxicated. While she was at headquarters Officer McCarthy filled out the routine "drunk driving" questionnaire by having defendant respond orally to the written questions as he read them to her. He also completed and signed the State Police form advising her of her rights in respect of the breatholizer test, which she had agreed to take. The test was administered twice by Officer Trella, a qualified operator, resulting in a reading of.23 on the first and .22 on the second. Following the testimony of the officers, the State rested and defendant also rested, declining to produce any proofs at all in her own behalf. Defendant then moved for acquittal on the same ground here urged. That motion was denied.
No question is here raised as to the propriety of the procedures or mechanics involved in administering the breatholizer test, and they appear, in fact, to have conformed with accepted technique. Nor is there any question here raised as to the sufficiency of the evidence to have supported the conviction of the person apprehended. What is contended is that defendant was not physically identified in the courtroom as the person apprehended. Defendant does not suggest that she is not indeed the person who was apprehended by Officer McCarthy or the person who took the breatholizer test administered by Officer Trella or that there is any question of misidentification. Nor does she deny that she was in fact present in the courtroom during the trial.[2] She insists, however, that her conviction cannot stand in the absence of a formal in-court identification. As defense counsel stated the legal contention below on the motion to dismiss:
*157 The State must prove who was driving the car. The question is asked, do you identify that the woman that you arrested? "Yes, that's her sitting there." That has never been done here. We have no proof of who was driving it respectfully, Judge, and it doesn't matter what the officer testified to or any results of any tests, it's never been linked up. It's an essential absolutely necessary ingredient in any case to identify the defendant. It has not been done here respectfully, sir. I therefore, move for a dismissal, sir.
This court agrees with defendant's contention that the State must prove beyond a reasonable doubt that defendant was, in fact, the perpetrator of the crime or offense. See State v. Lucas, 30 N.J. 37, 53 (1959); State in Interest of W.J., 116 N.J. Super. 462, 465-6 (App. Div. 1971). It also agrees that a formal in-court identification by an eye witness is a highly desirable method of adducing such proof. It does not, however, agree that that is the only possible mode of proof of identity and that in its absence a conviction cannot be obtained. That proposition is obvious.
The precise question here presented, that is, whether a defendant can be identified by name only where his identity is not otherwise in apparent dispute, has not been dealt with by our courts nor, apparently, by any other jurisdiction with the exception of Indiana, which has consistently held such form of identification to be sufficient under circumstances similar to those here. See State v. Schroeppel, 240 Ind. 185, 162 N.E. 2d 683 (Sup. Ct. 1959); Preston v. State, 259 Ind. 353, 287 N.E.2d 347 (Sup. Ct. 1972); Stevenson v. State, 318 N.E. 2d 573, 576 (Ind. App. 1974) (not yet officially reported). The Indiana rule is based upon the assumption that defendant is, in fact, in court during the trial, as required by Indiana practice, and its application apparently requires that a state's witness has testified to circumstances evidencing his personal knowledge of who the defendant is, i.e., that the person apprehended and the person charged and the person whose name he refers to as defendant and the person present in the courtroom are, in fact, all one and the same. From such testimony the trier of the fact clearly may draw the inference that the named defendant is *158 in fact the offender. See Evid. R. 1(2). This court agrees with the soundness of the Indiana rule and the appropriateness of its application here.
It should be further noted that New Jersey practice also requires the presence of defendant, at least at the commencement of the trial. See R. 7:4-4(a). And cf. R. 3:16. There is no question but that this defendant was, in fact, present during the trial, in compliance with the rule. Assume, however, that also pursuant to the rule, she had voluntarily left the courtroom before either of the State's witnesses could have been asked to have pointed to her, thus precluding the possibility of an in-court identification being made at all. If defendant's theory were correct, then virtually every conviction could be forestalled by that simple stratagem. Our courts are keenly aware and duly vigilant of the right of criminal defendants to procedural and substantive due process. To acquit this defendant for the reason here urged would, however, be a totally unwarranted triumph of form over substance.
Defendant is convicted as charged. A sentence is imposed of a two-year suspension of her driving license and a fine of $200 plus costs.
NOTES
[1] This opinion is filed pursuant to R. 2:5-1(b).
[2] A letter opinion of the municipal court judge noted that the defendant was personally known to him and was, in fact in the courtroom.