342 N.E.2d 886 (1976)
Dennis Wayne BROECKER, Defendant-Appellant,
v.
STATE of Indiana, Plaintiff-Appellee.
No. 1-775A117.
Court of Appeals of Indiana, First District.
March 2, 1976.
Rehearing Denied March 31, 1976.
*887 John D. Clouse, Evansville, for defendant-appellant.
Theodore L. Sendak, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.
LOWDERMILK, Judge.
Defendant-appellant Dennis Wayne Broecker appeals from a conviction of second degree burglary, IC 1971, XX-XX-X-X (Burns Code Ed.). Two issues are presented for our review:
(1) Whether Broecker, by his refusal to attend or participate in his trial, was able to knowingly and voluntarily waive his right to be present at said trial.
(2) Whether Broecker can be convicted of the crime charged without an in-court identification.
In the spring of 1974, an unidentified citizen informed the police that a break-in was in progress at a nearby Evansville service station. When the officers arrived at the station, they saw that a pane of glass had been broken out of the overhead door, and that someone was inside the station next to the cigarette machine. The person had a tire iron in his hand. The police demanded that he drop the tire iron and come out of the building. The subject eventually surrendered to police when he discovered that the side door of the station was locked from the inside. He climbed out of the broken window on the officer's command. A preliminary search of the subject revealed several packs of cigarettes and a large amount of loose change. The cigarette machine had been broken into, and the change box was missing. The subject was subsequently identified as Dennis Wayne Broecker.
On the day of the trial, Broecker's attorney moved for a continuance on the ground that Broecker refused to be present for his trial. An officer testified that Broecker refused to come to his trial, and had instructed the court to hold the trial without him. The trial judge proceeded with the trial over the objections of the defense attorney, but took great pains to be sure that Broecker was indeed aware of his rights, and did indeed intend to waive those rights. The Court reporter accompanied the defense attorney to the lock-up (which was in the same building as the court room), where a record was made of Broecker's refusal to attend the trial. This procedure was repeated prior to the testimony of each witness at the trial. Broecker was eventually convicted of the charge by the jury.
Broecker contends that while a defendant may waive his right to be present at trial by voluntarily absenting himself from the trial after it has begun, no such waiver can take place if defendant is not present when the trial actually begins. He relies on the case of Diaz v. United States (1912), 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500, recently quoted with approval in Taylor *888 v. United States (1973), 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174, as follows:
"[W]here the offense is not capital and the accused is not in custody, the prevailing rule has been, that if, after the trial has begun in his presence, he volununtarily absents himself, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present and leaves the court free to proceed with the trial in like manner and with like effect as if he were present." (Citations omitted.) (Our emphasis.)
Since Broecker was not present when the trial started, he contends that the trial was a sham and his conviction for second degree burglary should be reversed.
In regards to the constitutional issue raised by Broecker, we believe an extensive quote from United States v. Tortora (2nd Cir.), 464 F.2d 1202, cert. denied 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972), would best state our views:
"Like any constitutional guarantee, the defendant's right to be present at trial may be waived, Snyder v. Massachusetts, 291 U.S. 97, 106, 54 S.Ct. 330, 78 L.Ed. 674 (1934), even if that waiver is implied from the defendant's conduct, Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). The Supreme Court had long held that a defendant who knowingly absents himself from the courtroom during trial `leaves the court free to proceed with trial in like manner and with like effect as if he were present.' Diaz v. United States, 223 U.S. 442, 445, 32 S.Ct. 250, 254, 56 L.Ed. 500 (1912). Although to date, with the exception of the courts of one state, see State v. Tacon, 107 Ariz. 353, 488 P.2d 973 (1971), cert. granted, 407 U.S. 909, 92 S.Ct. 2446, 32 L.Ed.2d 682 (June 12, 1972), waiver has been found only if the defendant was present at least as late in the proceedings as the empanelment of the jury, we see no reason for a different result when the defendant absents himself, under the specific circumstances outlined herein, before the jury has been selected.
"Waiver of a constitutional right must be both `knowing' and `voluntary.' A defendant who deliberately fails to appear in court does so voluntarily, and thus the important question is whether his absence can be considered a `knowing' waiver. We hold that it can. The deliberate absence of a defendant who knows that he stands accused in a criminal case and that the trial will begin on a day certain indicates nothing less than an intention to obstruct the orderly processes of justice. No defendant has a unilateral right to set the time or circumstances under which he will be tried. See United States v. Bentvena, 319 F.2d 916 (2d Cir.) cert. denied, 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271 (1963). When a trial judge designates a date for trial the defendant's obligation is to appear ready in court on that date. `[T]he right to release before trial is conditioned upon the accused's giving adequate assurance that he will stand trial and submit to sentence if found guilty.' Stack v. Boyle, 342 U.S. 1, 4, 72 S.Ct. 1, 4, 96 L.Ed. 3 (1951).
"Without this obligation on the accused the disposition of criminal cases would be subject to the whims of defendants who could frustrate the speedy satisfaction of justice by absenting themselves from their trials. Today more than ever the public interest demands that criminal proceedings be prosecuted with dispatch, see Second Second Circuit Rules Regarding Prompt Disposition of Criminal Cases, 28 U.S.C.A. 442 (1972 Supp.), and the greater the delay between the charge and the trial date, the greater the likelihood that witnesses will be unable to appear or that their memories will have faded and their testimony will be less convincing. That a defendant *889 can be convicted of bail-jumping if he fails to appear at trial is not sufficient to vindicate the public interest; the public is entitled to a speedy disposition of the criminal charges absent a finding by the court that good reasons exist for delay. `Thus there can be no doubt whatever that the governmental prerogative to proceed with a trial may not be defeated by conduct of the accused that prevents the trial from going forward.' Illinois v. Allen, supra, 397 U.S. [337], at 349, 90 S.Ct. [1057] at 1063, [25 L.Ed.2d 353] (Brennan, Jr., concurring). A defendant's knowing and deliberate absence does not deprive the court of the power to begin the trial and to continue it until a verdict is reached.
"Before a trial may proceed in the defendant's absence, the judge must find that the defendant has had adequate notice of the charges and proceedings against him. Notice is initially given to a defendant by the issuance of an indictment. But not until the defendant answers the indictment by pleading in open court to the charges therein can a court know with certainty that the defendant has been apprised of the proceedings begun against him. Thus no defendant can be tried until after he personally has entered a plea to the charge. It must clearly appear in the record, however, that the defendant was advised when proceedings were to commence and that he voluntarily, knowingly, and without justification failed to be present at the designated time and place before the trial may proceed in his absence. Cureton v. United States, 130 U.S.App.D.C. 22, 396 F.2d 671, 676 (1968); State v. Tacon, supra.

This assures that the defendant has been accorded an opportunity to be present at all critical stages of the trial, see Rule 43 F.R.Crim.P., and thereby affords him due process of law. Having received actual notice when trial proceedings will take place, in the absence of some compelling excuse the defendant cannot obstruct the course of justice by absenting himself from the process, cf. Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970)." 464 F.2d at 1208-09.
It appears that the precise issue has not been decided in Indiana, but rather has been explicitly left open. See Harris v. State (1967), 249 Ind. 681, 231 N.E.2d 800, citing Miles v. State (1944), 222 Ind. 312, 53 N.E.2d 779. In addition, Broecker cites IC 1971, XX-X-XX-X (Burns Code Ed.), which provides that:
"No person prosecuted for any offense punishable by death, or by confinement in the state prison or county jail, shall be tried unless personally present during the trial."
In Miles v. State, supra, the Supreme Court, in commenting on this statute, said:
"We can see no reason, however, why the requirement of a mandatory statute, if enacted only for the benefit of the accused, may not be as readily waived as a common law or constitutional right or privilege." 222 Ind. at 316, 53 N.E.2d at 781.
The court was forced to reverse the conviction in Miles because the waiver involved in that case was given by the attorney for the defendant without the knowledge or presence of the defendant himself. The Miles court noted that the case of McCorkle v. State (1859), 14 Ind. 39, had held that the accused and his attorney may not purposely walk out of the court room to force discontinuance of the trial. We hold that a defendant may waive his right to be present at trial if the State has no need for his presence.
The circumstances of this case can lead us to no other conclusion but that Broecker knowingly and voluntarily waived his right to be present at his trial. Broecker pleaded not guilty at his arraignment, and was completely aware of the charges against him. There is no claim of surprise in regards to the time of commencement *890 of his trial, nor does he allege any prejudice resulted by his absence, other than his inability to assist in his defense during trial, a right he knew he was waiving by not attending. We note that the bulk of the cases to the contrary on the issue of waiver all concern situations where there was at least an issue as to whether defendant was aware of the trial date or that he would be waiving his rights by failing to appear. No such issue is presented by the case at bar.
We should also make clear that there are alternative methods available to the trial court to handle situations similar to the one presented here that do not violate constitutional mandates. See Illinois v. Allen (1970), 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353. These include: (1) delay the trial until defendant agrees to appear (assuming witnesses will not become unavailable); (2) cite him for contempt; and (3) physically force his presence (binding and gagging defendant, while not per se unreasonable, see Illinois v. Allen, supra, may be highly prejudicial). In all cases, the trial judge should exercise his sound discretion so as to protect the defendant's interests in a fair trial. In the case at bar, the trial judge did an excellent job in protecting Broecker's rights. We find no error in the procedure used.
Broecker also contends that the evidence was insufficient to convict him as a matter of law because no in-court identification was made. We first note that defendant is hardly in a position to complain of an error caused by his own act. Further, it has long been the rule that a defendant may be identified by name. State v. Schroeppel (1959), 240 Ind. 185, 162 N.E.2d 683. There is no need for a witness to point to the defendant and say, "that is the man." Preston v. State (1972), 259 Ind. 353, 287 N.E.2d 347; Stevenson v. State (1974), Ind. App. 318 N.E.2d 573. There is no claim that defendant is not the same person as Dennis Wayne Broecker, or that he is not the person who was apprehended inside the service station in question. Absent such a claim, there is no basis for an allegation of error in the identification procedure.
Judgment affirmed.
ROBERTSON, C.J., and LYBROOK, J., concur.