**Jeffrey PROCTOR, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

No. 879S236.

Supreme Court of Indiana.

Dec. 20, 1979.

Gary R. Landau and Preston T. Breunig, Indianapolis, for defendant-appellant.

Theo. L. Sendak, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted in a trial by jury of three counts of armed robbery, class B felonies, Ind.Code 35–42–5–1 (Burns 1979). He was sentenced to fifteen years upon each count, with the terms of imprisonment to run concurrently. His appeal presents the following issues:

(1) Whether the trial court erred in admitting into evidence, over objection, a sawed-off shotgun recovered by police during Defendant's arrest.

(2) Whether the trial court erred in denying Defendant's motion for a directed verdict.

(3) Whether the verdicts were supported by sufficient evidence.

\*　　\*　　\*　　\*　　\*　　\*

## ISSUE I

The three victims testified that they were in a poolroom when three men entered and

robbed them. One of the robbers carried a sawed-off shotgun. Two of the robbers wore ski masks; however, Defendant's face was not covered, and he was recognized by two of the victims who had seen him in the poolroom on previous occasions. According to the witnesses, the defendant carried a handgun during the robberies.

Defendant was arrested three days later when police found him in a parked car. In the car was a ski mask and a sawed-off shotgun. One of the victims identified the shotgun as the same one used in the robbery.

Prior to the State's offer of the shotgun into evidence, defense counsel requested a hearing outside the presence of the jury. At that hearing, he objected to the admission of the shotgun because the State never alleged that the defendant had carried or used it. The trial court suggested that it was part of the res gestae, and defense counsel agreed. However, he continued that he did not believe that it could be identified, and he finally argued that he did not want it "tied" to the defendant because it was "mean looking." When the State later offered the shotgun into evidence, defense counsel objected only that it had not been "tied to the crime."

■ On appeal, Defendant vacillates among various grounds in support of his contention that the shotgun was erroneously admitted into evidence. It is settled that the grounds for objection to the admission of evidence asserted on appeal may not differ from those asserted at trial. E. g., Beasley v. State, (1977) 267 Ind. 396, 370 N.E.2d 360. Nevertheless, a brief review of Defendant's arguments show that they are without merit.

■ Defendant asserts that the shotgun was inadmissible as part of the res gestae because it was never shown that he had carried the gun during the robberies. There was ample evidence from which the jury could infer that the defendant and the other two men acted in concert during the robberies. Grimes v. State, (1972) 258 Ind. 257, 280 N.E.2d 575, involved a robbery in

which there was more than one participant; there we held that "[a]ny and all acts" of those acting in concert during a robbery "are part of the res gestae and as such are admissible in evidence, * * *." Here, testimony that one of the men carried the shotgun was admissible as part of the res gestae; therefore, the gun itself was properly admitted.

■ Defendant next contends that there was not a proper evidentiary foundation in that the State failed to show that the shotgun was the same one used in the robberies. We have held that positive proof or authentication of an object is not necessary for the admission of that object into evidence. Elliott v. State, (1972) 258 Ind. 92, 279 N.E.2d 207. It is sufficient that one of the victims was able to identify the gun because he remembered something unusual about the handle.

Finally, Defendant argues that no chain of custody was established. However, he makes no claim of substitution, tampering, mistake, or inability to trace the gun after it was taken into police custody.

■ Nonfungible items do not require the high degree of scrutiny that must be applied to fungible items. Wilson v. State, (1975) 263 Ind. 469, 333 N.E.2d 755. The shotgun was evidence capable of eyewitness identification. It is a sufficient foundation for the introduction of such an item that a witness identifies it and it is relevant to the issues of the case. Woodard v. State, (1977) 267 Ind. 19, 366 N.E.2d 1160.

## ISSUES II & III

Defendant's next assignments of error can be consolidated. He asserts that the trial court erred in overruling his motion for a directed verdict. Further, he contends that the evidence was insufficient to sustain the jury's verdicts. As to both issues, he contends that the State failed to prove all the necessary elements of robbery. Specifically, he contends that the State did not show that he took any property or that he placed anyone in fear. He does not, however, claim that the evidence was insuf-

ficient to show that he acted in concert with his companions.

All three victims testified that money was taken from them, and all stated that they were frightened. That Defendant did not personally remove their money or verbally threaten them does not preclude his culpability. It is unnecessary that an accomplice act out each element of an offense; the acts of one accomplice are imputed to all others. *Metcalf v. State*, (1978) Ind., 376 N.E.2d 1157. An accomplice is criminally liable for everything done by his confederates which was a probable and natural consequence of their common plan. *Dozier v. State*, (1976) 264 Ind. 329, 343 N.E.2d 783.

"To avoid a directed verdict the State merely has to make out a prima facie case." *Holliday v. State*, (1970) 254 Ind. 85, 87, 257 N.E.2d 679, 680. A directed verdict of acquittal is given only where there is a complete lack of evidence on some essential element or if the evidence supports only an inference in favor of the defendant. *Mendez v. State*, (1977) 267 Ind. 309, 367 N.E.2d 1081. Here, the State made a prima facie case by the testimony of the victims.

The defendant offered no evidence, hence the cause was submitted to the jury upon the State's evidence as hereinbefore related.

On appeal, we will examine only the evidence most favorable to the State and all reasonable inferences to be drawn therefrom, in order to determine if there existed sufficient evidence of probative value to support the jury's verdict. *Baum v. State*, (1976) 264 Ind. 421, 345 N.E.2d 831. We will neither reweigh the evidence nor judge the credibility of the witnesses. *Robinson v. State*, (1977) 266 Ind. 604, 365 N.E.2d 1218. It is sufficient to note that the testimony of the victims, as previously recited, was sufficient to support the jury's verdicts upon all three counts of armed robbery.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.