STATE of Indiana, Appellant
(Plaintiff Below),

v.

Steven Norris ALDERSON, Appellee
(Defendant Below).

No. 3–1081A268.

Court of Appeals of Indiana,
Third District.

June 1, 1982.

Linley E. Pearson, Atty. Gen., Indianapolis, Jack F. Crawford, Pros. Atty., Thirty-First Judicial Cir., T. Edward Page, Deputy Pros. Atty., Crown Point, for appellant.

HOFFMAN, Presiding Judge.

The State appeals the trial court's entry of judgment on the evidence in favor of Steven Alderson. Essentially, the two issues raised are:

(1) whether the trial court erred in excluding evidence of the results of a blood-alcohol test; and

(2) whether the trial court erred in granting Alderson's motion for judgment on the evidence.

Steven Alderson was tried on one count of reckless homicide and one count of operating a vehicle while intoxicated resulting in the death of another person. At the close of the State's case, the trial court granted Alderson's motion for a judgment on the evidence on the latter count, but denied the motion with regard to the reckless homicide charge. A jury subsequently

found Alderson not guilty of reckless homicide.

■ The State contends that the trial court erred in excluding evidence of the result of Alderson's blood-alcohol test. Although a portion of the State's argument is addressed to whether a proper chain of custody was established, the record reveals that the trial court excluded the test results on other grounds. Specifically, Alderson testified during an offer to prove that his arm was swabbed with a substance smelling of alcohol immediately before his blood was taken. There is some question as to whether using isopropyl as a sterilizing agent would distort the test results. The State was unable to produce the person who actually drew Alderson's blood or any other person who observed the procedures utilized in drawing the blood. The trial court ruled that the State failed to establish a sufficient foundation for the introduction of the test results.

The State argues that the foundation was properly laid for two reasons. First, in the State's offer to prove, Doris Waters, the technician who ran the tests on Alderson's blood, testified that the customary hospital procedure was to not use isopropyl for sterilization when a blood-alcohol test was to be conducted. Second, the State asserts that Waters' testimony during the offer to prove established that the equipment used in the test could distinguish isopropyl from ethanol.

The State's offer to prove is far from conclusive. Cross-examination of Waters, with regard to the customary hospital practices, reveals the following:

"Q You have no way of knowing whether or not that was done in this instance?

"A I don't, to be fair and honest, I don't know.

"Q All right. You indicated on direct examination that there might be a possibility that alcohol swab was used in this particular instance?

"A It's a possibility.

"Q Because you really don't know?

"A I don't know.

"Q You're not the watch-dog of everyone around there?

"A Right.

"Q And are people in the Emergency Room, do they have the same training as you do?

"A No.

"Q They don't; do they?

"A No.

"Q They are not involved in any analysis; are they?

"A No.

"Q They are in the collection?

"A Yes.

"Q And no idea what goes on in the analysis?

"A No.

"Q You, for example, can appreciate the difference, because you are in an analyzing part of it. And you can appreciate the problems of alcohol. They have no reason to; right?

"Q Isn't that correct?

"A That's true."

*Record* at 317–318.

The testimony regarding the equipment used is equally inconclusive.

"Q When you indicated on this, that this machine could test and tell a difference between blood-alcohol levels with ethanol versus isopropyl; is that what you're relying on? This paragraph which, correct me if I'm wrong, that paragraph simply gives a formula for determining ethanol. It does not say anywhere on that that it distinguishes between; does it?

"A No, it's not a distinction."

*Record* at 318–319.

Additionally, assuming that the equipment does have the capacity to distinguish between isopropyl and ethanol, there is nothing in the State's offer to prove which indicates that the appropriate tests were conducted. Under the circumstances of this case, the trial court did not err in ruling

that the State failed to lay a proper foundation for the admission of the blood-alcohol test results.

■ The fact that the test results were included within a hospital report which was admitted into evidence does not affect the admissibility of the test results. The record reveals that the hospital report was introduced only to establish a time frame.

The State next argues that the trial court erred in granting Alderson's motion for judgment on the evidence. The dispositive issue is whether there is sufficient evidence of intoxication to avoid a judgment on the evidence.

■ A motion for judgment on the evidence may be granted only where there is a total absence of evidence on an essential issue, or where the evidence is without conflict and leads to but one inference, that inference being in favor of the accused. *Collins v. State* (1981), Ind., 415 N.E.2d 46. To avoid a judgment on the evidence, the State need not show that every reasonable doubt has been overcome, but rather, it must establish a prima facie case. *Dunville v. State* (1979), Ind., 393 N.E.2d 143; *Howard v. State* (1981), Ind.App., 422 N.E.2d 440.

■ The evidence in this case reveals that Alderson was driving faster than what was usual for the road and lost control of his car. Two witnesses testified that Alderson's eyes were red and glassy. One witness stated that he saw a non-filtered cigarette which looked like a marijuana roach on the floor of the car.[1] An investigating police officer testified that Alderson informed him that he had a couple of beers prior to the accident. Alderson refused to take a breathalizer test. Another officer testified that he smelled what he thought was marijuana in the car. Finally, marijuana seeds were found in the glove compartment of Alderson's car. These factors are sufficient to at least raise an inference that Alderson was intoxicated at the time of the accident.

The trial court's error in granting Alderson's motion for judgment on the evidence does not require a remand for a new trial. The proper procedure for such an error committed at the close of the State's case is for the reviewing court to sustain the appeal. *See, State v. Patsel* (1960), 240 Ind. 240, 163 N.E.2d 602; *State v. Schroeppel* (1959), 240 Ind. 185, 162 N.E.2d 683; *State v. Torphy* (1940), 217 Ind. 383, 28 N.E.2d 70; *State v. Kubiak* (1936), 210 Ind. 479, 4 N.E.2d 193.

For the above reasons, the appeal is sustained.

GARRARD and STATON, JJ., concur.

---

1. Marijuana is a controlled substance under IC 1971, 35–48–1–1 and IC 1971, 35–48–2–4(13) (1981 Burns Supp.). Marijuana is therefore an intoxicant pursuant to IC 1971, 9–4–1–54(a)(2) (1981 Burns Supp.).