Aubrey Lee MARTIN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1082S388.

Supreme Court of Indiana.

Jan. 9, 1984.

K. Richard Payne, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

The Defendant was convicted of Armed Robbery, a class A felony, Ind.Code § 35–42–5–1 (Burns 1979) and sentenced to twenty (20) years imprisonment. His direct appeal presents the following three (3) issues:

1. Whether the trial court erred in refusing to grant motions for continuance and mistrial, both of which were predicated upon Defendant's absence from the proceedings;

2. Whether the evidence was sufficient to sustain the verdict;

3. Whether the trial court erred in giving two (2) of the State's instructions.

The record disclosed that on October 8, 1981, at approximately 11:45 P.M., the Defendant and Larry Brown, each armed with a gun, entered the office of Maloley's Central Bakery in Fort Wayne, Indiana where they encountered Donald Faulkner and Lew Lederman, bakery employees. Brown pointed his gun at Lederman and said, "Give us your money." As Lederman rose from his chair, Brown shot him in the upper chest. The Defendant pointed his gun at Faulkner's head and told him to give the Defendant his billfold; Faulkner complied. The Defendant and Faulkner then walked out of the office and to a cabinet which contained a box of change, which Faulkner also gave to the Defendant.

The Defendant and Brown exited toward the warehouse area where they first took money from Bobby Owens and then told Curtis Davis and Mike McCambell to "get back." Davis, who was the Defendant's cousin, positively identified both intruders. The Defendant and Brown subsequently went out the back door and over a fence. Two weeks later the Defendant was arrested, was given his *Miranda* advisements, and admitted to his role in the events.

\* \* \* \* \* \*

### ISSUE I

On the morning of the trial, the Defendant, who was free on bail, was present in court during voir dire examination of the jury panel. However, before the jury was sworn, the Defendant left the courtroom and could not be found. The trial judge denied the motion by Defendant's counsel for a continuance, issued a bench warrant for Defendant's arrest, and the trial was resumed. He later denied the motion for mistrial predicated upon the Defendant's absence from the proceedings. Defendant now argues that his constitutional right to be present during his trial was violated.

 The rule is that the defendant must be personally present at every critical stage of the proceedings unless he knowingly and voluntarily waives that right. *Taylor v. United States,* (1973) 414 U.S. 17, 19, 94 S.Ct. 194, 195, 38 L.Ed.2d 174, 177 (per curiam); *Bullock v. State,* (1983) 451 N.E.2d 646, 647; *Faison v. State,* (1981) Ind., 428 N.E.2d 784, 786; *Howard v. State,* (1978) 268 Ind. 589, 592, 377 N.E.2d 628, 630, *cert. denied* 439 U.S. 1049, 99 S.Ct. 727, 58 L.Ed.2d 708. The continued absence of a defendant who knows of his obligation to be in court, when coupled with a failure to notify the court and provide it with an explanation, constitutes a knowing and voluntary waiver. *Shepler v. State,* (1980) Ind., 412 N.E.2d 62, 66.

 The record clearly established that the Defendant was aware of the proceedings, that he was present for a portion of the proceedings, and then voluntarily, knowingly, and without justification failed to reappear when the trial resumed a short time later. In *Taylor,* a case with a similar factual background, the Supreme Court reasoned:

"It is wholly incredible to suggest that petitioner, who was at liberty on bail, had attended the opening session of his trial, and had a duty to be present at the trial, ... entertained any doubts about his right to be present at every stage of his trial. It seems equally incredible to us, ... 'that a defendant who flees from a courtroom in the midst of a trial—where judge, jury, witnesses and lawyers are present and ready to continue—would not know that as a consequence the trial could continue in his absence.'" 414 U.S. at 20, 94 S.Ct. at 196.

The fact that the jury had not yet been sworn at the time that the Defendant absented himself from the proceedings does not affect our ruling that the Defendant knowingly and voluntarily waived his right to be present at his trial. *See Brown v. State,* (1979) Ind.App., 390 N.E.2d 1058,

1061–1062; *Broecker v. State*, (1976) 168 Ind.App. 231, 342 N.E.2d 886, 888 (transfer denied).

## ISSUE II

■ The Defendant next argues that insufficient evidence existed to prove all of the necessary elements of robbery as a class A felony, and thus, to sustain his conviction. At the outset, we note our standard of review:

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses." *Loyd v. State*, (1980) [272] Ind. [404], 398 N.E.2d 1260, 1264, *cert. denied*, 449 U.S. 881, 101 S.Ct. 341, 66 L.Ed.2d 105. (citations omitted).

Defendant contends that his absence from the trial precluded a proper identification; however, witnesses positively identified him as one of the participants in the crime. Two of the witnesses stated that the person who had been sitting at the defendant's table during voir dire examination of the jury was a participant in the crime, and the defendant's cousin, a witness who saw the defendant leave the bakery, identified the defendant by name; thus, he was properly identified as a perpetrator of the crime. *See Broecker v. State*, 342 N.E.2d at 890.

For the offense of Robbery to be committed, the statute requires a knowing or intentional taking of property from another person or from the presence of another person by using or threatening the use of force on any person or by putting any person in fear. The offense is a class A felony if it results in either bodily injury or serious bodily injury to any other person. In the instant case, the evidence discloses that the Defendant knowingly took property from the presence of Faulkner and Lederman by the use of force upon Lederman, and that Lederman, suffered serious bodily injury as a result of the robbery.

■ Defendant argues that inasmuch as Brown, rather than the Defendant, shot Lederman, he may not be convicted of armed robbery, as a class A felony. However, when evidence shows that more than one person acted in concert to commit a crime, the acts of one person are imputed to others to establish that all of the elements of the offense were committed, *Proctor v. State*, (1979) 272 Ind. 357, 397 N.E.2d 980, 983; thus, the evidence was sufficient to sustain the verdict.

## ISSUE III

The trial court gave the following instructions tendered by the State:

"INSTRUCTION NO. ____

"The Court instructs you that where two or more persons knowingly combine to commit a crime, each is criminally responsible for the acts of his confederates committed in furtherance of the common design."

"INSTRUCTION NO. 5

"It is not necessary for the State to prove that the defendant personally committed each and every act involved in the commission of the offense charged once the state proves the defendant acted in concert with another participant. Therefore, it is not necessary that the State prove the defendant personally inflicted serious bodily injury on Mr. Lederman, as long as the State proves beyond a reasonable doubt that such an injury resulted from the robbery itself, even though inflicted by the other participant."

■ Defendant argues that the first instruction in effect charges a conspiracy, which was not the charge against the Defendant, and that both instructions are misleading in that the jury could believe that the mere presence of a person at the scene of the crime could lead to his conviction.

His argument is without merit. Even when conspiracy is not charged, if the evidence shows that more than one person acted in concert to commit a crime, the acts of an accomplice are chargeable to others acting in concert to establish that all of the elements of the offense were committed, *Smith v. State*, (1982) Ind., 429 N.E.2d 956, 958; *Moon v. State*, (1981) Ind., 419 N.E.2d 740, 741; *Proctor v. State*, (1979) 272 Ind. 357, 397 N.E.2d 980, 983; thus, the instructions provide correct statements of the law. Further, the first instruction was expressly approved in *Williams v. State*, (1976) 265 Ind. 190, 203–204, 352 N.E.2d 733, 744 and *Bailey v. State*, (1982) Ind.App., 438 N.E.2d 22, 24, (transfer denied), and both instructions were approved, in essence, in *Banks v. State*, (1976) 265 Ind. 71, 93, 351 N.E.2d 4, 18, *cert. denied* 429 U.S. 1077, 97 S.Ct. 821, 50 L.Ed.2d 797 and *Pulliam v. State*, (1976) 264 Ind. 381, 391–392, 345 N.E.2d 229, 238. Neither do we find the instructions to be confusing or misleading.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.