23859

STATE, Respondent v. Robin DYER, Appellant.

(431 S.E. (2d) 576)

Supreme Court

*J. Gregory Hembree* and *Timothy R. Rogers* of *Belser, Lewis, Rogers and Lark, P.A.*, Columbia, *for appellant.*

*Ester Haymond* of *Lexington County Sheriff's Dept.*, Lexington, *for respondent.*

Submitted Feb. 3, 1993.

Decided May 11, 1993.

*Per Curiam:*

Appellant was convicted in magistrate's court of driving under the influence. The circuit court affirmed. The issue on appeal is whether the State properly established the identity of the offender. We affirm.

Appellant had no co-defendants and was present at trial. The witnesses for the State were the officer who stopped appellant, administered field sobriety tests, and arrested her, and the officer who administered the breathalyzer test. Appellant was not physically identified by either witness as the person who was apprehended and tested. She argues that the State failed to prove the identity of the perpetrator, an essential element of the offense.

During the testimony, neither witness actually pointed to appellant and stated she was the offender. Nevertheless, both officers repeatedly referred to appellant by name as they de-

scribed the incident. One officer also spoke of his observation of "the defendant's" condition. Appellant does not argue that she is not in fact Robin Dyer or that she was not the defendant in this case. This is therefore a question of the weight of the evidence. In spite of the fact that the weight would have been greater had appellant been physically identified in court as the offender, there is sufficient evidence of her identity to support the conviction. *Preston v. State,* 259 Ind. 353, 287 N.E. (2d) 347 (1972); *State v. Russell,* 135 N.J.S. 154, 342 A. (2d) 884 (1975).

Affirmed.