**Charles CARTER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 784S296.**

Supreme Court of Indiana.

Dec. 22, 1986.

Stephen J. Manich, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction of dealing in cocaine, a class B felony, I.C. § 35-48-4-1 and I.C. § 35-48-2-6. A jury tried the case. Appellant received a seventeen year sentence.

Appellant raises two issues on appeal: (1) whether the trial court erred in conducting the trial in his absence without first obtaining an express waiver of his right to be present at trial; and (2) whether the trial court erred in admitting into evidence several statements made by Lindsey Carter.

The facts from the record which support the determination of guilt are as follows. On September 22, 1981, Officer Paul Vido, Officer David Mora, and a confidential informant drove to the residence of Lindsey Carter in order to purchase drugs. Officer Vido questioned Lindsey Carter about the availability of cocaine. Subsequently, the Officers, the informant, and Lindsey Carter drove to the residence of appellant. Thereafter, appellant, who was Lindsey Carter's brother, sold Officer Vido two grams of cocaine for one hundred and eighty dollars. A laboratory toxicologist confirmed that the purchased substance was cocaine. On October 13, 1981, the State charged appellant with the instant offense.

I

■ Appellant argues that the trial court erred when it conducted the trial in his absence without first obtaining an express waiver of his right to be present at trial.

The rule is that the defendant must be personally present at every critical stage of the proceedings unless he knowingly and voluntarily waives that right. *Taylor v. United States* (1973), 414 U.S. 17, 19, 94 S.Ct. 194, 195, 38 L.Ed.2d 174, 177 (per curiam); *Bullock v. State* (1983), 451 N.E.2d 646, 647; *Faison v. State* (1981) Ind., 428 N.E.2d 784, 786; *Howard v. State* (1978), 268 Ind. 589, 592, 377 N.E.2d 628, 630, cert. denied 439 U.S. 1049, 99 S.Ct. 727, 58 L.Ed.2d 708. The continued absence of a defendant who knows of his obligation to be in court, when coupled with a failure to notify the court and provide it with an explanation, constitutes a knowing and voluntary waiver. *Shepler v. State* (1980), [274] Ind. [331], 412 N.E.2d 62, 66. *Martin v. State* (1984), Ind., 457 N.E.2d 1085, 1086.

Here, the record reveals that the appellant was personally advised of the trial date. He did not notify the trial court nor provide it with an explanation of his absence. Consequently, he knowingly and

voluntarily waived his right to be present at trial.

## II

Appellant argues that the trial court erred in admitting into evidence several out-of-court statements made by Lindsey Carter. Appellant's trial counsel objected to the statements on the grounds that they consisted of hearsay.

Hearsay evidence has been defined as follows:

"Hearsay evidence is testimony in Court or written evidence, of a statement made out of court, such statement being offered as an assertion to show the truth of the matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter." McCormick, Evidence, § 225 (1954).

*Indianapolis, Inc. v. Fields* (1970), 254 Ind. 219, 259 N.E.2d 651, 673. The rule applies to written as well as oral statements, and relates to the compentency of matter and not its relevance. It ".. excludes extrajudicial utterances only when offered for a special purpose, namely, as assertions to the truth of the matter asserted." 6 Wigmore, Evidence § 1766 (3d ed. 1940). *Indianapolis Newspapers, Ind. v. Fields, Ind., supra* [, 259 N.E.2d] at 674. The rule applies to statements of fact which can be considered true or false. If the questioned utterance is offered to prove the fact of the utterance and not offered to prove the truth of the facts asserted, then there is no hearsay. The fact of the utterance may safely rest for its evidentiary value upon the credibility of any witness who may have heard or read it and testifies to it in court. The rule guards against fact asserted in an utterance because it rests for its evidentiary value, not upon the credibility of any witness who may have heard it, but upon the actual asserter who is absent from the trial. Hearsay evidence may nevertheless be admissible at trial under exceptions, the basis for which relates to the existence of ade-

quate substitutes for cross-examination of the asserter.

*Connell v. State* (1984), Ind., 470 N.E.2d 701, 705–706; See also *Harvey v. State* (1971), 256 Ind. 473, 269 N.E.2d 759. The challenged statements are set forth here:

Q. What did Lindsey Carter say?

By Mr. Graddick: Objection ... hearsay.

By the Court: He's the co-defendant, overruled.....

Officer Vido A. ... He stated that *he didn't have any,* but that *he knew that his brother had some cocaine.*

Q. And what did Lindsey Carter say?

Officer Mora A. He had to talk to his brother. He made a telephone call.

By Mr. Graddick: ... I would like the record to reflect my objection.

By the Court: You may have a continuing objection, all statements by Lindsey Carter....

By the Court: It's overruled.

A. We asked about the possibility of purchasing drugs, and he told us *he would have to check with his brother, Charles Carter, to see it it was available.*

■ The statements "he didn't have any" and "he knew that his brother had some cocaine" are hearsay because their obvious purpose is to prove the truth of the matter contained therein, namely that appellant had cocaine. However, the admission of these statements is harmless error. The admission of improper evidence which tends only to disclose a fact which is clearly proved by other legitimate evidence is harmless error. See *Harvey v. State* (1971), 256 Ind. 473, 269 N.E.2d 759; *Adams v. State* (1946), 224 Ind. 472, 477, 69 N.E.2d 21, 23. Here the cocaine is in evidence and there is direct testimony of the fact that appellant had it and sold it to the Officer by witnesses having first hand knowledge of the events.

■ The statement "he would have to check with his brother, Charles Carter, to see if it was available" is also hearsay; however, it falls under the state of mind

exception because it is introduced to show Lindsey Carter's intention to do a future act, namely to telephone appellant.

When the intention to be proved is important only as qualifying an act, its connection with that act must be shown, in order to warrant the admission of declarations of the intention. But whenever the intention is of itself a distinct and material fact in a chain of circumstances, it may be proved by contemporaneous oral or written declarations of the party.

*Mutual Life Ins. v. Hillman* (1892), 145 U.S. 285, 12 S.Ct. 909, 36 L.Ed. 706. Here, Lindsey Carter's statement gives content to his act of telephoning appellant. Consequently, the intention to be proved is important only as qualifying the act of telephoning. Since the statement's connection with the act of telephoning was shown through the testimony of Officer Mora, it was admissible into evidence.

The conviction is affirmed.

GIVAN, C.J., and PIVARNIK, SHEPARD and DICKSON, JJ., concur.