Kenneth MURPHY, Appellant,

v.

STATE of Indiana, Appellee.

No. 28S00–8807–CR–618.

Supreme Court of Indiana.

June 6, 1990.

**128**

Susan K. Carpenter, Public Defender, J. Michael Sauer, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Dealing in a Schedule I Controlled Substance, a Class B felony, for which he received a sentence of twelve (12) years.

The facts are: On March 21, 1986, Indiana State Police Officer Burton purchased LSD from a person who introduced himself as Kenneth Murphy. Officer Burton paid Murphy $14 and received four "hits" of LSD. Officer Burton was taken to the Murphy residence by an informant named Weaver, who told the officer that he was taking him to see Kenneth Murphy.

After Officer Burton completed the transaction, he placed the LSD in a plastic evidence bag and took it to the Indiana State Police Post in Terre Haute, sealed the bag with red evidence tape, and put his initials across the tape on the bag. Then the bag was sent by certified mail to the Indiana State Police Laboratory in Evansville.

There the bag was signed for by a person named "L. Hertel." The contents of the bag were subsequently handled first by a laboratory attendant, Bill Shaeffer, and tested by William Boes, who determined that the bag contained LSD. Neither Hertel nor Shaeffer testified at trial. At trial, Officer Burton testified that the bag placed in evidence was the same bag the LSD was placed into before being shipped to the laboratory in Evansville.

Appellant claims there is not sufficient evidence that he was the perpetrator who committed the offense for which he was convicted. Prior to trial appellant had been released on bond. However, when the day of trial arrived, appellant could not be found, and after discussion with appellant's counsel, the trial court ruled that the trial should proceed in appellant's absence.

Appellant now takes the position that inasmuch as no one identified him in the presence of the jury as the person who sold

LSD to the police officer, his conviction should not stand. However, the evidence shows that the informant advised the police officer that he was taking him to the home of Kenneth Murphy. When they arrived, the informant told the police officer that the person he was about to meet was in fact Kenneth Murphy. When Murphy greeted the police officer, he stated that his name was Kenneth Murphy.

When the officer was unable to obtain narcotics at the first meeting, he was told to return later that evening, which he did. When he returned, he asked for Kenneth Murphy and was directed by a woman in the house to the same man the officer had met previously, who had identified himself as Kenneth Murphy.

At trial, the officer testified that he had never met Murphy previously nor had he seen him since. However, he had seen a photograph of him. One of the State's witnesses at trial was Trooper Lance Seever of the Indiana State Police. Seever was a senior trooper investigator whose primary duty assignment was Greene County. It was Seever who organized the undercover buy from Kenneth Murphy. Seever testified that the buy was arranged because, "I had received information that the Defendant in this cause, Kenny Murphy, might have LSD for sale."

Seever told the court that he had seen Murphy "on a couple of occasions" at the residence where the buy occurred, "in Linton, Indiana, on the Northwest 9th and B Streets." Seever monitored the buy from his own vehicle and testified that he saw Kenneth Murphy's car parked in front of the residence during the sale.

Seever's testimony was adequate to prove that the perpetrator was the defendant under the principles outlined in *Broecker v. State* (1976), 168 Ind.App. 231, 342 N.E.2d 886, and *Iseton v. State* (1984), Ind.App., 472 N.E.2d 643.

■ There is ample evidence in this record to support the fact that a Kenneth Murphy was the person who sold Officer Burton the LSD. There also is ample evidence that the trial judge sentenced the same Kenneth Murphy after he was captured and returned to court. It is not necessary that a defendant be pointed out in the presence of the jury as the person who committed the crime. The conviction may stand if there is evidence from which the jury could deduce that the defendant was in fact the perpetrator of the crime. *See Haymaker v. State* (1988), Ind., 528 N.E.2d 83.

In the case at bar, we have the additional precaution taken by the trial judge in his thorough questioning of appellant at the time of sentencing. Although appellant raises the issue that no one identified him in the presence of the jury, he nevertheless makes no affirmative claim that he is not the same Kenneth Murphy who sold LSD to Officer Burton.

The evidence in this case is sufficient to sustain appellant's conviction.

■ Appellant contends the trial court erred in allowing the trial to proceed in his absence and in making improper comments to the jury regarding his absence. Appellant was released from custody on bond following his initial arrest. He was required to keep the court advised as to his current mailing address. However, when the prosecutor's office attempted to contact appellant prior to trial, the letter was returned to the prosecutor's office marked, "Delivered to wrong address! He does not live here any longer! Did not leave any forwarding address!"

When appellant's counsel was questioned by the court on the day set for trial, he indicated that he had been in touch with his client but that he did not know his immediate whereabouts. As above pointed out, the court's thorough questioning of appellant at the time of his sentencing clearly indicates that appellant knew of his trial date and that he deliberately absented himself from trial. Thus there is ample evidence that he knowingly and voluntarily waived his right to be present at trial. *Carter v. State* (1986), Ind., 501 N.E.2d 439.

The court was entitled to consider evidence of his absence to support the court's decision to try him *in absentia. Fennell v.*

*State* (1986), Ind., 492 N.E.2d 297. The Supreme Court of the United States has held essentially the same thing. *See Taylor v. United States* (1973), 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174. There is nothing in this record to indicate the trial court erred in its decision to try appellant *in absentia.*

■ Appellant also claims the judge committed error when he informed the jury that appellant was absent and a rearrest warrant had been issued.

It is proper for a judge to inform the jury of the facts surrounding the proceedings. *See Marbley v. State* (1984), Ind., 461 N.E.2d 1102. It is unrealistic to contend that the absence of a defendant should go unexplained to the jury. The judge's comment as to the rearrest warrant could have had no adverse effect. It is common knowledge that a person charged with a felony has been arrested. If he is absent for trial, it may be presumed he would be rearrested.

■ Appellant contends he was denied his right to due process in a speedy trial in that the State failed to provide adequate justification for waiting until fifteen months after the alleged offense before charging him. He takes the position that all of the evidence clearly indicates that the transaction for which he was charged occurred fifteen months prior to the State filing an information against him. He states that he was available at all times and that the delay worked a hardship in that so much time had passed he could not remember where he was or what he was doing on the alleged date of the offense and therefore could not properly defend himself.

This same question was raised in the case of *McKrill v. State* (1983), Ind., 452 N.E.2d 946. There this Court held: "The five (5) year Statute of Limitation for a class B felony, Ind.Code § 35–41–4–2 (Burns 1979), reflects the public policy as to the length of time which may elapse between the time of the offense and the charge." *Id.* at 948. The very purpose for a statute of limitation is to set a time beyond which the State may not proceed

with a prosecution for the reason that an accused would experience difficulty in formulating a defense beyond that time. There is nothing in this record which would indicate any deprivation of a defense which logically could have led to a different result in this case.

■ Appellant contends the court erred in permitting evidence that the substance purchased by Officer Burton was LSD. He supports his position on the claim that there is an insufficient chain of custody of the purchased substance from the time Burton received it until it was tested at the State Police Laboratory in Evansville. The evidence shows that Officer Burton took possession of the LSD on March 21, 1986. He retained exclusive possession until he arrived at the State Police Post in Terre Haute, where he sealed and initialed the bag containing the LSD and placed it in an evidence locker.

On March 24, 1986, Michael Goldner, an evidence technician, removed the bag from the locker, checked the seal, and prepared the bag for mailing. On March 25, 1986, the bag was sent by certified mail to the Evansville laboratory. On March 26, 1986, Linda Hertel, who did not testify at the trial, received the sealed bag. She turned the bag over to Bill Shaeffer, who also did not testify at the trial. Shaeffer turned the bag over to William Boes II, who did testify at trial that he tested the contents of the bag and that it in fact contained LSD.

■ It is true that there must be a proper showing that an evidentiary item that passed through several hands did so in an undisturbed condition. *Robles v. State* (1987), Ind., 510 N.E.2d 660, *cert. denied,* 487 U.S. 1218, 108 S.Ct. 2872, 101 L.Ed.2d 907. From the time of the purchase from appellant until the exhibit arrived in court on the day of trial, it was clearly demonstrated that it was at all times within the control of the police department and subjected to the usual security procedures. The fact that two of the handling personnel did not testify at trial does not give rise to

a presumption that their handling was improper.

■ In the case at bar, we have the testimony of the purchasing officer and the testimony of the technician who tested the substance. We also have the testimony of the purchasing officer and one of the intermediate handling officers that the evidence bag was in the same condition on the day of trial as it had been when it was sealed and transported through the usual chain of custody in the State Police system. A mere potential for tampering does not make the evidence inadmissible. The State is not required to exclude every possibility of tampering. *Id.* We see no error in the admission of the evidence that the substance purchased from appellant was in fact LSD.

■ Appellant claims the trial court erred when it refused to give his tendered instructions concerning the presumption of innocence. Appellant's Tendered Instructions Nos. 2, 3, 4, and 9 were not given by the trial court. It is not error to refuse an instruction which is covered by instructions which are given. *Carter v. State* (1987), Ind., 512 N.E.2d 158.

■ In the case at bar, appellant's Tendered Instruction No. 2 was covered by the court's Final Instructions Nos. 9 and 10. Appellant's Tendered Instructions Nos. 3 and 4 were covered by the court's Final Instruction No. 12. Appellant's Tendered Instruction No. 9 would have instructed the jury that it was peculiarly within the power of the State to produce an absent witness, Larry Weaver, and that the State's failure to call Weaver could give rise to an inference that his testimony would have been unfavorable to the State.

Under the facts in the case at bar, this tendered instruction was not a correct statement of law and thus should not have been given. *Bergfeld v. State* (1988), Ind., 531 N.E.2d 486. Although appellant claims the witness, Weaver, was not available to him, he states in his brief that during a pretrial deposition conducted by appellant's attorney, Weaver refused to disclose the address of his residence. The fact that a

deposition was taken, however, clearly indicates Weaver's availability.

During cross-examination at trial, when defense counsel asked a police officer if he knew of the whereabouts of Weaver, he said he did. When asked why he did not supply this information, he stated he was never asked. Testimony of the police officers was that Weaver was the informant who made the contact with appellant to enable the undercover police officer to make the purchase of LSD. Appellant makes no claim that his deposition of Weaver disclosed any information which would have worked to his benefit.

■ Appellant has wholly failed to demonstrate that Weaver in fact was unavailable to him. It is not error to refuse to give an instruction on a nonproduced witness who is equally available to both sides. *Metcalf v. State* (1983), Ind., 451 N.E.2d 321. We see no reversible error in refusing appellant's Tendered Instruction No. 9 nor do we see any reversible error in the State's failure to produce Weaver.

■ Appellant contends the trial court erred in sentencing him to twelve (12) years. He claims the sentence is not proportional to the nature of the offense and is manifestly unreasonable. He also contends the trial court failed to articulate the aggravating circumstances to support the enhanced sentence. In rendering the sentence, the trial court found that the aggravating circumstances outweighed the mitigating circumstances and listed the aggravating circumstances as:

"1. The defendant failed to appear at the probation office as ordered prior to trial.

2. The defendant failed to appear for trial.

3. The defendant had to be tracked down to be taken into custody and he resisted arrest by attempting to run from and hide from police officers.

4. The defendant admitted that he sold drugs to support his habit.

> 5. The defendant refused to cooperate with the State of Indiana or to reveal his suppliers."

This Court will not revise a sentence unless such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind.R. App.Rev.Sen. 2. In the case at bar, the statute provides a presumptive sentence of ten (10) years to which not more than ten (10) years may be added for aggravating circumstances. Ind.Code § 35–50–2–5.

Although appellant concedes that he did absent himself from the trial and hide from police officers, he claims this conduct should be excused because it resulted from his drug problems. He also contends that he had a right to waive his presence at trial; thus his absence should not be held against him. What he fails to recognize is that this is not a question of a defendant in custody who chooses not to attend his trial but rather is a case of the appellant actually hiding and refusing to submit to the jurisdiction of the court.

Appellant also claims the court improperly used as an aggravating circumstance the fact that he refused to cooperate with the State by revealing who supplied him with drugs. Appellant argues that because the government has the right to refuse to disclose its sources of information, citing *Roviaro v. United States* (1957), 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 and *Lewandowski v. State* (1979), 271 Ind. 4, 389 N.E.2d 706, the same privilege should be extended to a defendant in that he should not be required to disclose his sources because of the potential for great personal risk. This may be true but it is not an issue in this case. Appellant was not required to disclose his sources.

The comment by the trial judge was really no more than a comment on appellant's lack of cooperation with the authorities. Appellant also claims the trial court should have followed the probation officer's recommendation that he receive a six (6) year sentence. A trial court is not obliged to follow the recommendation set out in a presentence report. *Jenkins v. State* (1986), Ind., 492 N.E.2d 666. The twelve (12) year sentence pronounced by the trial court is well within the statutory bounds.

Under the factual circumstances of this case, we cannot find appellant's sentence to be manifestly unreasonable. *See Henley v. State* (1988), Ind., 522 N.E.2d 376.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK, J., concur.

DeBRULER, J., dissents with separate opinion in which DICKSON, J., concurs.

DeBRULER, Justice, dissenting.

There was insufficient evidence of identification submitted at the trial and, therefore, this conviction should be reversed and appellant discharged. With regard to the merits of this claim, the debate of the parties is focused at the point of two cases in which the defendant was tried in absentia and the claim on appeal was insufficient evidence of identification. In *Broecker v. State* (1976), 168 Ind.App. 231, 342 N.E.2d 886, there was testimony at trial that the defendant was arrested in the course of committing a burglary of a filling station and was later identified by name. The name, of course, was the same as the name of the person being tried in absentia. In *Iseton v. State* (1984), Ind.App., 472 N.E.2d 643, the defendant was tried in absentia, and an officer testified that he arrested a man at the scene, called him the defendant, and noted that the man then carried identification showing him to be Iseton. Thereafter, according to the testimony, the victim identified him.

In this case, by contrast, only the name connects the person arrested and charged and being tried in absentia, over whom the court has jurisdiction, with the person who sold the drugs to the undercover officer. The illegal sale here occurred on March 21, 1986. The person arrested and charged for this offense as Kenneth Murphy was taken into custody by the sheriff of Greene County more than a year later pursuant to a bench warrant issued on June 12, 1987. None of the officers at the scene was ac-

quainted with appellant, and none knew his address. The confidential informant knew him, but did not testify.

Officer Seever testified as follows:

Q. Do you know where Kenneth Murphy lived?

A. At this time?

Q. That time March 21, 1986.

A. Yes I did.

Q. Was that in Greene County, State of Indiana?

A. Well let me—rephrase that—I have seen him on a couple of occasions. I really can't say that he was living there at the time. It would be in Linton, Indiana, on the Northwest 9th and B Streets.

\*　　\*　　\*　　\*　　\*　　\*

Q. Now prior to this occasion were you personally acquainted with the Defendant, Kenneth Murphy?

A. Not personally, no.

Q. Prior to March 1986, had you ever seen Kenneth Murphy?

A. I really can't answer that. I might have and might not have.

Officer McElroy testified that he saw the defendant one time, namely at the time of the buy and had not seen him thereafter. According to the majority opinion, he testified that he saw him in a photograph, and I have no reason to question the accuracy of that statement. Officer McElroy also testified:

Q. Had you to your knowledge ever seen Kenneth Murphy prior to March 21, 1986?

A. No I hadn't.

Officer Burton testified:

Q. Now you didn't previously know Kenneth Murphy.

A. No sir.

Q. Never saw him before in your life as far as you know.

A. No.

Here, only the name connects the person arrested and charged with this illegal sale of drugs. I still see the State's burden in these circumstances to have the same form and dimension as described in my dissenting opinion in *Preston v. State* (1972), 259 Ind. 353, 358, 287 N.E.2d 347, 349–50 (De-Bruler, J., dissenting):

It is a material element of the State's case to prove that the person who committed the crime is the person presently on trial. Having a supposed eye-witness testify to a name or refer to the title "defendant" does not tend to prove this element but merely tends to establish that criminal acts were committed by a person who may or may not be the present defendant. Trials are designed to test the truth or falsity of allegations made against a person in custody not against a name in the abstract. A definite link must be established between the person actually on trial and the crime. It is not sufficient to simply link the crime and a name.

Due process requires that this definite identification link be established to a moral certainty beyond a reasonable doubt by the prosecution at all trials on the issue of guilt or innocence. This requirement applies with equal force where the defendant is tried in absentia, and it cannot be satisfied by supplying evidence at a later sentencing hearing.

DICKSON, J., concurs.