**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**LISA DIANE MANNING**
Manning Law Office
Danville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHAWN J. LEE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 32A01-1207-CR-329 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Stephenie LeMay-Luken, Judge
Cause No. 32D05-1109-FD-861

**February 15, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Shawn J. Lee was charged with Class D felony theft and Class D felony assisting a criminal after an asset protection officer for the Wal-Mart store in Camby observed Lee and Teresa Staten attempt to remove certain items from the store without paying for them. Lee's trial was scheduled to commence on May 22, 2012, however, the trial court, upon its own motion, rescheduled Lee's trial for June 26, 2012. The trial court conducted Lee's trial *in absentia* after Lee failed to appear for trial on June 26, 2012. At the conclusion of trial, the jury found Lee guilty of Class D felony theft and not guilty of Class D felony assisting a criminal. Lee appeals his Class D felony theft conviction, claiming that the trial court erroneously conducted his jury trial *in absentia*. The State concedes that the trial court erred in conducting Lee's trial *in absentia* because the record is devoid of any evidence indicating that Lee had any knowledge of the rescheduled trial date. Accordingly, we vacate Lee's Class D felony theft conviction and remand to the trial court for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

On September 25, 2011, Shannon Smith was working as an asset protection officer at the Wal-Mart store in Camby, when she observed Lee and Staten attempting to remove certain items from the store without paying for them. Smith intercepted Lee and Staten after they moved past the point of sale, and escorted them to the asset protection office.

On September 26, 2011, the State charged Lee with Class D felony theft.[1] On April 19, 2012, the State sought and was granted permission to add a charge of Class D felony

---

[1] Ind. Code § 35-43-4-2(a) (2011).

2

assisting a criminal.[2] On March 8, 2012, Lee attended a pretrial conference during which his trial was scheduled for May 22, 2012. The trial court subsequently, on its own motion, issued an order rescheduling Lee's trial for June 26, 2012. The trial court sent notice of the rescheduled trial date to the State and to Lee's counsel, but not to Lee.

Lee did not appear for trial on June 26, 2012. Despite Lee's failure to appear, the trial court moved forward with Lee's trial *in absentia*. At the conclusion of trial, the jury found Lee guilty of Class D felony theft and not guilty of Class D felony assisting a criminal. This appeal follows.

## DISCUSSION AND DECISION

On appeal, Lee contends that the trial court erroneously conducted Lee's trial *in absentia*. The State concedes that the trial court erred in conducting Lee's trial *in absentia*. In *Jackson v. State*, 868 N.E.2d 494, 498 (Ind. 2007), the Indiana Supreme Court acknowledged that "[b]oth the Federal and Indiana Constitutions afford defendants in a criminal proceeding the right to be present at all stages of their trial." (citing U.S. Const. amend. VI; Ind. Const. art. 1, § 13). "However, a defendant may be tried *in absentia* if the trial court determines that the defendant knowingly and voluntarily waived that right." *Id.* (citing *Lampkins v. State*, 682 N.E.2d 1268, 1273 (Ind. 1997)). "The best evidence that a defendant knowingly and voluntarily waived his … right to be present at trial is the defendant's presence in court on the day the matter is set for trial." *Lampkins*, 682 N.E.2d at 1273 (internal quotation omitted). In addition, a court's questioning of the defendant when

---

[2] Ind. Code § 35-44-3-2(a)(1) (2011).

3

he reappears can provide the necessary support for the validity of a trial *in absentia*. *See Murphy v. State*, 555 N.E.2d 127, 129 (Ind. 1990) (providing that the court's thorough questioning of appellant about his absence at trial when defendant reappeared at sentencing was sufficient to support a determination that defendant knowingly and intentionally waived the right to be present at trial).

As the State concedes, here, the record is devoid of any evidence indicating that Lee knowingly or intentionally waived his right to be present at trial. Lee was present when his trial was scheduled for May 22, 2012. However, nothing in the record suggests that Lee knew his trial had been rescheduled for June 26, 2012. The trial court provided notice to the State and to Lee's counsel that it had, on its own motion, rescheduled Lee's trial. The trial court did not send notice to Lee personally and nothing in the record suggests that Lee's counsel notified Lee that his trial had been rescheduled. In addition, the trial court did not question Lee at sentencing about whether he knew of the June 26, 2012 trial date. As such, we conclude that the record is inadequate to support the determination that Lee knowingly and voluntarily waived his right to be present at trial. We therefore vacate Lee's Class D felony theft conviction and remand to the trial court for further proceedings.

Appellant's conviction is vacated and the matter is remanded to the trial court for further proceedings.

NAJAM, J., and FRIEDLANDER, J., concur.