**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**STEVEN KNECHT**
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DOMINGO GONZALEZ, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 12A04-1312-CR-643 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE CLINTON CIRCUIT COURT
The Honorable Bradley K. Mohler, Judge
Cause No. 12C01-1301-FA-15

**August 4, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Domingo Gonzalez appeals his convictions for class D felony Criminal Confinement and class B misdemeanor Unauthorized Entry of a Motor Vehicle. He challenges, as the sole issue on appeal, the sufficiency of the evidence regarding identification of him as the perpetrator.

We affirm.

On the evening of January 1, 2013, seventeen-year-old Mason Lester was driving with two friends from Frankfort to Lafayette for dinner. Before leaving Frankfort, they stopped on a gravel lot to look at a car for sale next to the Stewart Manor Mobile Home Park. They inspected the car for ten to fifteen minutes and then reentered Lester's four-door car. Suddenly, a Hispanic man entered and sat in the rear seat behind Lester. The boys did not know this man, who was intoxicated and smelled of alcohol. He told Lester to take him to a specific location in Frankfort, and Lester responded, "Get out. We're not a taxi bro." *Transcript* at 77. The man had money out, and the boys continued to tell him to get out. The man then became angry, cursed, and informed the boys that he knew martial arts, which they took as a threat.

Out of fear, Lester turned his car around and began to take the man as directed. At one point, Lester attempted to slow down to enter a gas station, but the man demanded that Lester continue driving. He eventually told Lester to stop on Jackson Street as they approached Morrison Street. The man exited and stumbled away, turning left on Morrison. Lester then sped away and drove directly to the nearby Frankfort Police Department, where the boys spoke with Officer Brady Sorrells around 7:49 p.m. Officer Sorrells quickly issued a dispatch with a location and the description of the perpetrator.

2

About eight minutes later, police received a 911 call regarding an incident that took place about two blocks from where the man exited Lester's car. The caller, Brandon Cottrell, reported that he might have accidentally hit a man with his truck because the man was lying in the icy street and Cottrell could not stop quickly. Cottrell informed dispatch that the man had gotten up and limped into an alley, falling several times. Cottrell remained at the scene. When Officer Randy Emery arrived, he found Gonzalez lying in the alley, intoxicated. Shortly thereafter, Officer Sorrells arrived at the scene and confirmed that Gonzalez matched the description provided by the victims.

Gonzalez was transported by ambulance to the hospital, where he was combative and verbally abusive to staff. Officer Sorrells remained with Gonzalez in the emergency room. Gonzalez, who appeared very intoxicated, repeatedly told Officer Sorrells that he had been struck by a truck with three males inside.[1] Gonzalez gave Officer Sorrells the impression that occupants of the truck were out to get him. He also indicated that he had taken a taxi from Stewart Manor prior to being hit.

The State charged Gonzalez with criminal confinement, unauthorized entry of a motor vehicle, and public intoxication. On November 15, 2013, Gonzalez was tried before a jury and convicted as charged. On appeal, Gonzalez challenges his convictions for criminal confinement and unauthorized entry,[2] arguing that the evidence was insufficient to identify him as the perpetrator of these offenses because he was not identified by any of the victims in court or out of court.[3]

---

[1] Cottrell was the only occupant in the truck.
[2] Gonzalez does not challenge his conviction for public intoxication.
[3] Lester and one of the other victims testified at trial. They were not asked to identify Gonzalez.

As with other sufficiency matters, we will not reweigh the evidence or resolve questions of credibility in determining whether identification evidence is sufficient to sustain a conviction. *Gleaves v. State,* 859 N.E.2d 766 (Ind. Ct. App. 2007). Rather, we examine the evidence and the reasonable inferences therefrom that support the verdict. *Id.* It is well settled that identity may be established entirely by circumstantial evidence and the logical inferences drawn therefrom. *Bustamante v. State,* 557 N.E.2d 1313, 1317 (Ind. 1990). "The conviction may stand if there is evidence from which the jury could deduce that the defendant was in fact the perpetrator of the crime." *Murphy v. State*, 555 N.E.2d 127, 129 (Ind. 1990).

In the instant case, on a bitter-cold January night, the perpetrator exited Lester's car and stumbled away. The man was described by the victims, at least in part, as Hispanic, intoxicated, and wearing jeans and a dark green jacket. Roughly ten minutes later, a driver nearly struck Gonzalez as he was lying in the icy roadway about two blocks away. In addition to being in the area and being intoxicated, Gonzalez fit the general description of the perpetrator. Moreover, at the hospital, Gonzalez made statements indicating that he had taken a taxi from Stewart Manor and that there were three males in the truck that hit him. He also gave the impression to Officer Sorrells that he was struck intentionally.

Gonzalez's own drunken ramblings helped connect him to the crimes involving Lester and the other two boys. These statements combined with the other circumstantial identification evidence set out above were sufficient for the jury to deduce that Gonzalez was in fact the perpetrator of the crimes.

Judgment affirmed.

4

VAIDIK, C.J., and MAY, J., concur.