Jock THORPE, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8705–CR–488.

Supreme Court of Indiana.

June 30, 1988.

Marce Gonzalez, Jr., Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Burglary, a Class B felony, for which he received a fifteen (15) year sentence.

The facts are: A charge was filed against appellant on October 13, 1982. Following the usual preliminary proceedings, a pretrial conference was set for September 30, 1983. However, appellant failed to appear. The court issued a bench warrant and set a date for a bond forfeiture hearing. On February 23, 1984, with appellant present, the cause was set for trial for May 14, 1984 and appellant was again released on bond. When the trial date of May 14 arrived, appellant was not in court. His attorney stated that he had conversed with appellant and was assured that he would be in court. A telephone call to appellant's home produced the information that he was on his way to court. After an hour and fifty minute delay, the court ruled that the trial would proceed in appellant's absence.

 Appellant now claims the trial court erred in trying him *in absentia*. Appellant cites *Snyder v. Massachusetts* (1934), 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 for the proposition that he could waive his constitutional right to be present at his trial. However, appellant misconstrues this concept of the law. Although he may waive his right to be present at trial, this does not mean that he can unlawfully absent himself from the jurisdiction of the court. This Court has held, several times, that a court may proceed with trial if it finds the defendant knew of the trial date and yet did not appear. *Adams v. State* (1987), Ind., 509 N.E.2d 812. Appellant was present when the case was set for trial and was reminded by his counsel of the trial date as it approached.

Appellant also asserts that the court should have waited longer than one hour and fifty minutes before commencing trial in his absence. However, the record shows that not only was appellant absent during the trial but he was not brought into court for sentencing for approximately one year and ten months. Although the record is silent as to his whereabouts during that period of time, it is obvious he was not available for sentencing in the trial court. Appellant makes no showing that had the court waited longer than one hour and fifty minutes, he would have been available to participate in the jury trial. The trial court was thoroughly justified in proceeding to try appellant *in absentia*.

Appellant claims the trial court erred in finding as an aggravating circumstance at sentencing his failure to appear at trial. Appellant reviews the aggravating factors set forth in Ind.Code § 35-38-1-7 and observes that failure to appear at trial is not among those factors. Appellant does concede that the statute also provides that the listed factors do not limit the matters the court may consider in determining the sentence. The trial judge did not base his enhanced sentence solely on appellant's failure to appear at trial. He also cited appellant's past criminal record as an aggravating circumstance. Although the trial court was not precluded from considering appellant's general attitude evidenced by his absenting himself from the court's jurisdiction, he did in fact give separate ample reasons for enhancement of the sentence. The existence of one aggravating factor is sufficient to increase a sentence. *Guenther v. State* (1986), Ind., 501 N.E.2d 1071.

The trial court is affirmed.

SHEPARD, C.J., DeBRULER, PIVARNIK and DICKSON, JJ., concur.