Mike **REED**, Appellant,

v.

**STATE** of Indiana, Appellee.

No. 79S00-8710-CR-962.

Supreme Court of Indiana.

Dec. 7, 1988.

Bruce W. Graham, Trueblood Graham & O'Reilly, Lafayette, for appellant.

Linley E. Pearson, Atty. Gen., Lisa Anne McCoy, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of two counts of Child Molesting, for which he received sentences of eight (8) years each, and he was found to be an habitual offender. The eight (8) year sentence on Count I was enhanced by thirty (30) years, the sentences to run concurrently. In this appeal, appellant does not challenge the conviction on the child molestation charges. He challenges only the suffi-

ciency of the evidence on the finding that he was an habitual offender.

■ The facts are: In order to sustain its burden of proof concerning two prior felony convictions, the State introduced State's Exhibit No. 6 which was a set of appellant's fingerprints. The fingerprints on that exhibit were compared with fingerprints on Exhibit No. 7, which contained documents from the United States Penitentiary at Terre Haute, Indiana. They also introduced Exhibit No. 8, which contained papers from the prison in Terre Haute, giving the actual date of the commission of the offense of interstate transportation of a stolen vehicle. However, this exhibit was improperly certified in that the certificate was the first page of the exhibit and states "do hereby certify that the annexed and foregoing is a true and full copy of the original pleadings."

As appellant points out, this Court has previously held that such a certification is improper. *Eldridge v. State* (1977), 266 Ind. 134, 361 N.E.2d 155, *cert. denied,* 434 U.S. 928, 98 S.Ct. 412, 54 L.Ed.2d 287. The State also introduced Exhibit No. 10, which was a certified copy of papers presented from the Department of Correction Diagnostic Center located at Plainfield. This instrument demonstrated the existence of a prior felony and is not challenged.

The State concedes that Exhibit 8 is improperly admitted; they point out, however, that State's Exhibit 7 contained the copies of the same conviction from the United States Penitentiary in Terre Haute, including the date of such convictions, the nature of the crime, a photograph of the defendant, a fingerprint card, and the sentence he received. They therefore observe that State's Exhibit 8 was merely cumulative evidence.

In *Eldridge, supra,* this Court held that even though it was error to admit such exhibits, the error was harmless if appellant's prior convictions had already been placed before the jury by proper exhibits. Such is the situation in the case at bar. Although Exhibit 8 was improperly admitted into evidence, there is nevertheless ample evidence in this record to sustain the finding of the jury that appellant is an habitual offender.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.