**James NETHERLY, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

**No. 55A01–8812–CR–399.**

Court of Appeals of Indiana, First District.

April 4, 1989.
Rehearing Denied June 16, 1989.

Bruce A. MacTavish, Boren & Oliver, Martinsville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Jane A. Morrison, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

Defendant-appellant, James R. Netherly (Netherly), appeals from his convictions in the Morgan Superior Court for operating a motor vehicle while intoxicated (DWI), a Class A misdemeanor under IND.CODE 9–11–2–2, and for driving left of center, a Class C infraction under IND.CODE 9–4–1–127.1.

We affirm.

### STATEMENT OF THE FACTS

On May 6, 1987, an Information was filed against Netherly charging him with operating a motor vehicle while intoxicated (Count I) and driving left of center (Count II). After several resettings, the final pretrial conference was held on May 16, 1988, with Netherly in attendance. During the conference, the trial court set June 8, 1988 (second choice), June 15, 1988 (second choice), and June 29, 1988 (second choice), as probable jury trial dates. Netherly supplied his attorney with his new address.

On May 26, 1988, Netherly's attorney sent a letter to the above address notifying Netherly of the June 8 trial date. Thereafter, on May 31, 1988, the trial court noti-

fied Netherly's attorney and the State that they were now first choice for jury trial on June 8, 1988. Once again Netherly's attorney, using the above address, sent a letter notifying Netherly that the case was scheduled for jury trial on June 8, 1988. Both notices, however, were returned to Netherly's attorney on June 27, 1988, stamped "Addressee Unknown." *Record* at 5.

When this case came before the trial court on June 8, 1988, Netherly failed to appear. The trial court, after noting that two letters had been sent to Netherly's new address notifying him of the trial date, ruled that the trial would proceed in his absence. Netherly was convicted on Counts I and II. Subsequently, Netherly perfected this appeal.

## ISSUE

Netherly presents one issue on appeal which is:

Whether the trial court erred in trying Netherly in absentia.

## DISCUSSION AND DECISION

Netherly contends the trial court erred in trying him in absentia. Both the U.S. Constitution and the Indiana Constitution guarantee an accused the right to be present during his trial. U.S. Const. amend. VI; Ind. Const. art. I, § 13. However, a defendant may waive his right to be present at his trial. *Blatz v. State* (1985), Ind., 486 N.E.2d 990; *Martin v. State* (1984), Ind., 457 N.E.2d 1085. Waiver occurs when a defendant knows of a scheduled trial date and does not appear. *Adams v. State* (1987), Ind., 509 N.E.2d 812; *Blatz, supra; Bedgood v. State* (1985), Ind., 477 N.E.2d 869.

In the present case, Netherly claims no such waiver occurred because he never received the mailed notices of the June 8, 1988 trial date. Netherly, however, was present at the final pre-trial conference during which June 8, 1988 was set as a probable trial date. Furthermore, it was his responsibility to maintain correspondence with his attorney as to the actual trial date. This he failed to do. Therefore, Netherly knowingly waived his right to be

present at trial. The trial court did not err in conducting the trial in his absence.

For the above reasons, this cause is affirmed.

Judgment affirmed.

RATLIFF, C.J., and STATON, J., concur.