Jeffrey A. **SLOCUMB**,
**Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 82A01–9010–CR–414.

Court of Appeals of Indiana,
First District.

March 27, 1991.

David W. Lamont, Evansville, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Jeffrey A. Slocumb appeals his conviction for Theft[1], a Class D felony, and his enhanced sentence as an habitual offender. We affirm his conviction but reverse the habitual offender finding and remand for the court to vacate the habitual offender enhancement of the sentence.

1. IND.CODE § 35–43–4–2(a).

## ISSUES

Slocumb raises seven issues on appeal which we consolidate and restate as:

1. Did the trial court err in denying Slocumb's counsel's motion to withdraw on the day of trial?

2. Did the trial court err by proceeding to trial and sentencing Slocumb *in absentia?*

3. Were the fingerprint sheet ("Ex. 2C") and arrest sheet ("Ex. 2D") properly certified and admitted at the habitual offender hearing?

4. Was the enhancement of Slocumb's sentence as an habitual offender proper?

## FACTS

On January 23, 1990, Slocumb was charged with theft of two Nintendo tapes from a Target store. The state also charged Slocumb as being an habitual offender. Slocumb was present at the hearing on the motion to dismiss the habitual offender count on April 19, 1990, and represented by Attorney Lamont. During the hearing, Slocumb moved for a continuance of the trial date, which was denied. On April 20, 1990, Slocumb appeared before the court for a hearing regarding subpoenaed documents. Slocumb again requested a continuance of the trial date, but the trial judge confirmed the April 23 trial date.

On April 23, 1990, Slocumb failed to appear for the jury trial. Attorney Lamont moved for a continuance, which the court denied. The attorney then sought to withdraw as counsel for Slocumb. The court denied the motion to withdraw and proceeded with the trial. The jury found Slocumb guilty of theft. On April 26, 1990, the same jury heard the habitual offender count. Once again Slocumb failed to appear. Exhibits 2C and 2D regarding prior felonies were admitted despite Attorney Lamont's objection that they were improperly certified. The jury returned a verdict finding Slocumb to be an habitual offender. On June 29, 1990, the court sentenced Slocumb *in absentia* to eighteen months, enhanced by thirty years because of his status as an habitual offender.

## DISCUSSION AND DECISION

*Issue One*

 Slocumb contends the court committed reversible error when Attorney Lamont's motion to withdraw was denied. An attorney has no unilateral right to withdraw from a case without proof of cause and/or consent of his client and the permission of the court. *Conn v. State* (1989), Ind., 535 N.E.2d 1176, 1181. The court has the discretion to refuse withdrawal if delay in the administration of justice will occur. *Moore v. State* (1990), Ind., 557 N.E.2d 665, 668. The trial court's determination will be reversed only when it constitutes a clear abuse of discretion which prejudices the defendant's right to a fair trial. *Huffman v. State* (1989), Ind., 543 N.E.2d 360, 371, *cert. denied,* —— U.S. ——, 110 S.Ct. 3257, 111 L.Ed.2d 767.

 Slocumb claims the court's denial of the motion to withdraw violated IND. CODE § 35–36–8–2(b)(5). I.C. § 35–36–8–2(b)(5) provides: "the court shall allow counsel for the defendant to withdraw ... if there is a showing that: ... (5) there is a manifest necessity requiring that counsel withdraw from the case." Attorney Lamont contended he could not adequately defend or represent a person who failed to appear for trial and failed to follow his order to bring documents to court. Attorney Lamont further stated that he could not morally and honestly defend someone who was not present. We do not find these statements to meet the language of I.C. § 35–36–8–2(b)(5), "manifest necessity".

Additionally, Slocumb fails to allege any prejudice from Attorney Lamont's continued representation. *See Moore,* 557 N.E.2d at 668. We do not find the trial court abused its discretion in denying the motion to withdraw.

*Issue Two*

 Slocumb challenges the court's decision to try and sentence Slocumb *in absentia.* As a reviewing court, we consider the entire record to determine if the right to be present at the trial was voluntarily and knowingly waived. *Reel v. State* (1991),

Ind.App., 567 N.E.2d 845. A defendant may waive his right if he fails to appear at the trial when he knew of the scheduled date. *Id.; Netherly v. State* (1989), Ind. App., 536 N.E.2d 296, 297, *trans. denied.*

■ The record shows Slocumb was present on April 19 and 20, 1990, when the judge twice confirmed the April 23 trial date. Therefore, we find Slocumb voluntarily and knowingly waived his right to be present at his trial.

■ Similarly, a defendant may waive his right to be present at sentencing. Whereas Slocumb voluntarily waived his right to be present at trial, we find he voluntarily waived his right to be present at sentencing. *See Williams v. State* (1988), Ind., 526 N.E.2d 1179, 1180 (absence from sentencing was voluntary and knowing waiver where Williams appeared in court on the first day of trial but failed to appear at trial the second day and at sentencing). We do not find the court erred in sentencing Slocumb *in absentia.*

*Issue Three*

■ Slocumb next asserts Exs. 2C and 2D were certified improperly; therefore, their admission into evidence was erroneous. The relevant part of the certification letter of the record keeper ("Ex. 2A") reads as follows:

"... do hereby certify this to be a true and correct copy of fingerprints and arrest sheet of the records of Jeffery [sic] A. Slocumb, from the files of our office."

Slocumb contends "this" is not a specific or descriptive certification to allow the jury to determine the accuracy or reliability of Ex. 2C and 2D. Slocumb's reliance on *Reed v. State* (1988), Ind., 531 N.E.2d 195, is misplaced. In *Reed,* certification was improper where the certificate was the first page of the exhibit and stated, "... do hereby certify that the annexed and foregoing is a true and full copy of the original pleadings." *Id.* at 196. The *Reed* certificate was a nullity because nothing was "foregoing". *Id.* The problem in *Reed* is not present here.

We read the certification letter as a whole and find it adequately meets the requirements of Ind. Trial Rule 44. Fur-

thermore, both Exs. 2C and 2D contain the record keeper's seal and signature on them. We find the trial court's admission of Exs. 2C and 2D was proper.

*Issue Four*

■ In regard to his status of habitual offender, Slocumb raises several arguments to support setting aside the thirty-year sentence enhancement. We agree with Slocumb's argument that the habitual offender enhancement violated IND.CODE § 35–50–2–8(h), which precludes habitual offender enhancement if all of the felonies relied upon for the enhancement are Class D felonies. Slocumb contends all of his offenses were Class D felonies. The jury found Slocumb had been convicted of Burglary and Attempted Rape in Illinois, for which he was sentenced on March 7, 1974 for 1–3 years. The state concedes Slocumb's other prior convictions were Class D felonies but contends the Illinois conviction was not a Class D felony.

I.C. § 35–50–2–1 defines "Class D felony conviction" as used in I.C. § 35–50–2–8, and reads as follows:

"... 'Class D felony conviction' means ... a conviction, in any other jurisdiction at any time, with respect to which the convicted person might have been imprisoned for more than one (1) year...."

The clear meaning of this section requires that we consider Slocumb's Illinois conviction as a Class D felony for purposes of the habitual offender statute, because Slocumb was sentenced for more than one year. Therefore, we find the habitual offender enhancement was contrary to I.C. § 35–50–2–8(h), and we remand and instruct the trial court to vacate the enhancement.

We affirm Slocumb's conviction but reverse the habitual offender finding and remand for the court to vacate the habitual offender sentence.

Affirmed in part, reversed in part, and remanded.

BAKER and HOFFMAN, JJ., concur.