**Jeffrey REEL, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 18A02–8912–CR–630 [1].

Court of Appeals of Indiana,
First District.

March 12, 1991.

Opinion on Denial of Rehearing
April 30, 1991.

---

**1.** This case was reassigned to this office on January 2, 1991.

Alan K. Wilson, Public Defender, Muncie, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Danielle Sheff, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Jeffrey Reel appeals from his conviction of Burglary, a Class C felony.[2] We reverse and remand for a new trial.

## ISSUE

On appeal, we consider Reel's argument that the court erred in proceeding to trial when he was not present.

2. IND.CODE § 35–43–2–1.

## FACTS

On June 24, 1986, Reel and John Borson were charged with the burglary of the Halteman Village pool concession stand. On December 10, 1986, Borson pleaded guilty pursuant to a plea agreement. After several continuances, Reel's final trial date was set for February 25, 1988. However, Reel failed to appear at the jury trial. The court proceeded to try Reel *in absentia* despite his counsel's motion for a continuance.

At his sentencing hearing on September 8, 1989, Reel denied knowledge of the trial date. The court sentenced Reel to six years for Class C burglary. Reel appeals and seeks a new trial. Additional facts will be added as necessary.

## DISCUSSION AND DECISION

Reel challenges the trial court's decision to commence the trial although Reel was not present. Both the U.S. Constitution and the Indiana Constitution guarantee the right to be present during trial. *Netherly v. State* (1989), Ind.App., 536 N.E.2d 296, 297, *trans. denied;* U.S. Const. amend. VI; Ind. Const. art. I, § 13. A defendant may waive this right if he does not appear at the trial when he knew of the scheduled date. *Netherly*, 536 N.E.2d at 297.

Our courts have upheld cases where the defendant was tried *in absentia*, finding the defendant's absence constituted waiver of the right to be present at trial. In those cases, the "defendant had fled the jurisdiction, had stayed away out of fear, or had, at the least, known the trial date but continually failed to stay in contact with counsel and then failed to appear for trial without any justifiable explanation at all." *Phillips v. State* (1989), Ind.App., 543 N.E.2d 646, 647–48 (citations omitted).

As a reviewing court, we consider the entire record to determine whether the right to be present at the trial was voluntarily and knowingly waived. *Gilbert v. State* (1979), 182 Ind.App. 286, 289, 395 N.E.2d 429, 431–432. The record shows that Reel was last present in court on March 2, 1987. At that time, the court set the trial date for April 3, 1987. However, the trial was continued by Reel's attorney, and several other continuances followed. On January 13, 1988, the court set the final trial date for February 25, 1988. Reel was not present when the final date was set.

On February 11, 1988, Reel's attorney sent certified letters to several addresses in an attempt to inform Reel of the final trial date. One letter was returned and certified as being received by Troy Borson, Reel's roommate.

At the sentencing hearing, Reel appeared and denied any knowledge of the trial date and denied receiving any of the certified letters mailed by his attorney. We do not find the state met its burden of proving Reel waived his right to be present at his trial. *See Phillips*, 543 N.E.2d at 648. (The evidence was insufficient to prove waiver, although the record showed the clerk mailed to the defendant a copy of the pretrial order setting the trial date of which he denied receipt.) The record does not clearly reflect Reel had knowledge of the scheduled trial date of February 25, 1988. *See Broecker v. State* (1976), 168 Ind.App. 231, 236, 342 N.E.2d 886, 889 (It must clearly appear in the record defendant was advised when proceedings were to commence). Therefore, Reel was denied a fair trial.

Reversed and remanded for a new trial.

ROBERTSON and MILLER, JJ., concur.

RATLIFF, C.J.

### ON REHEARING

The State contends John Borson's testimony shows Reel had actual knowledge of the final trial date and that our decision in *Reel v. State* (1991), Ind.App., 567 N.E.2d 845, is inconsistent with the evidence. Borson related a telephone conversation he claims he had with Reel, wherein Reel told him his trial date was February 25th. Borson testified that the conversation occurred last month (January). Record at 265. The court set the trial date on January 13, 1988. However, a careful reading of the record reveals that the certified letters informing Reel of the trial date were dated February 11, 1988, well after the alleged phone conversation. Borson's testimony cannot be considered as clear evidence of Reel's knowledge of the trial date.

Rehearing denied.

ROBERTSON and MILLER, JJ., concur.