**Charles M. McCAFFREY,
Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 18A02–9102–CR–65.[1]

Court of Appeals of Indiana,
First District.

Sept. 9, 1991.

---

1. This case was diverted to this office by direction of the Chief Judge.

**618**

Alan K. Wilson, Muncie, for appellant.

Linley E. Pearson, State Atty. Gen. and Louis E. Ransdell, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

In this consolidated appeal of four separate causes, Charles M. McCaffrey challenges his conviction following a bench trial in absentia of three counts of resisting law enforcement, two counts of public intoxication, and one count of disorderly conduct. The sole error alleged is the trial court's decision to proceed with trial of McCaffrey in absentia. We reverse.

■ An accused has an absolute right to be present at trial; however, as McCaffrey acknowledges, a court may proceed with trial if it finds the defendant knew of the trial date yet failed to appear. *Freeman v. State* (1989), Ind., 541 N.E.2d 533, 535; *Thorpe v. State* (1988), Ind., 524 N.E.2d 795, 796. The question here is simply whether the evidence sufficiently establishes that McCaffrey knew of the trial date.

■ As a reviewing court, we consider the entire record to determine if the right to be present at trial was voluntarily and knowingly waived. *Slocumb v. State* (1991), Ind.App., 568 N.E.2d 1068, 1070, *affirmed in relevant part*, 573 N.E.2d 427; *Reel v. State* (1991), Ind.App., 567 N.E.2d 845, 846. A defendant's explanation of his absence is a part of the evidence available to this court on the question of whether it was error to try him in absentia. *Fennell*

*v. State* (1986), Ind., 492 N.E.2d 297, 299. The absence of direct evidence the defendant knew the actual date of trial does not of itself prevent the court from trying the defendant in absentia. *Id.*

The circumstances presented here are much like those at issue in *Reel v. State*, 567 N.E.2d 845, in which this court held that the defendant had wrongly been tried in absentia. There, as here, the trial date was finally set in the defendant's absence after several continuances. Reel denied any knowledge of his trial date at sentencing and denied that he had received any of the mail sent to his residence; however, the State offered testimony from Reel's roommate and co-defendant to the effect that Reel had related to him in a telephone conversation the date of his trial.

■ The evidence in the instant case discloses that in one of the four causes, McCaffrey was present when the court set the trial date for that cause but then failed to appear and a warrant was issued for his arrest. He was not tried in absentia in that cause at that time. Instead, all four matters were set for trial on the same day in McCaffrey's absence. After several continuances, and the final date of trial had been determined, notice was ordered issued and was sent by the clerk. On the day of trial, the court took judicial notice of the fact that the records of the different causes showed a variety of addresses for McCaffrey. Indeed, the record indicates that less than ten days before trial, arrest records in another cause showed still another address for McCaffrey.

In addition to the notices issued by the court, the record discloses that McCaffrey's attorney attempted by letter to meet with him and notify him of the trial date. One of these letters was sent to the jail, the public defender's office having been alerted to the fact that McCaffrey had been arrested again and was in jail. That letter notified him that the trial had been postponed; whether it also informed him of the date of trial is unclear. The record shows only that the letter was sent and the trial date set on the same day.

McCaffrey testified at his sentencing hearing that he first learned of the final trial date on the day of sentencing, did not receive any of the mail or notices sent to him, but was living at the address utilized by the court and his attorney at the time of trial. Although a bench warrant issued after McCaffrey's first failure to appear, McCaffrey apparently was arrested a few days later on a new charge and though the court inquired about other outstanding warrants, it appears the court was unaware of the existence of the bench warrant. Accordingly, no evidence was elicited concerning the reason for McCaffrey's first failure to appear.

The State asserts that McCaffrey's knowing and voluntary failure to appear during the course of these proceedings distinguishes this case from *Reel.* We are however reluctant to draw the inference urged by the State, namely that because McCaffrey knowingly failed to appear on a prior occasion, he did so again. But even if we agreed that such an inference could properly be drawn and was relevant to show intentional conduct, the circumstantial evidence of McCaffrey's knowledge of the final trial date is no greater than that present in *Reel* or *Fennell*, 492 N.E.2d 297, in which the Indiana Supreme Court cautioned that, without the evidence of Fennell's intent, the record was too meager to conclude his absence was knowing and voluntary. McCaffrey's failure to appear on a prior occasion, while arguably suggesting an inference that he was inclined not to appear, is qualitatively weaker than Fennell's own admission and the State's circumstantial evidence, that he purposefully absented himself from the jurisdiction to avoid standing trial.

For these reasons, we are compelled to agree with McCaffrey that the evidence is insufficient to demonstrate a knowing and voluntary waiver of his constitutional right to be present at trial. Accordingly, we reverse these causes and remand for trial.

Reversed and remanded.

RATLIFF, C.J., concurs.

CHEZEM, J., dissents with separate opinion.

CHEZEM, Judge, dissenting.

I dissent. The circumstantial evidence here supports the inference that the defendant knew of the trial date. Therefore, the trial court properly tried the defendant *in absentia.*

Of course, the law is clear that "[e]ven when a defendant does not show up for trial at all, the [trial] court may conclude that the defendant's absence is knowing and voluntary and proceed with the trial when there is evidence that the defendant knew the scheduled date of his trial." *Fennell v. State* (1986), Ind., 492 N.E.2d 297, 299. Moreover, circumstantial evidence of such knowledge can be sufficient for a court to proceed with a trial of a defendant *in absentia. Id.*

Here, the defendant was present at the initial hearings when the court set the trial dates; he had knowledge of his first trial and failed to appear; the court issued a bench warrant for his arrest; the trial court warned the defendant that "this is your last chance to show up for trial"; the clerk sent notices of the new trial date to the defendant at the address he had given, which were not returned; the defendant's attorney attempted to contact him by letter and notify him of the trial date; defendant admitted during the sentencing hearing that he was living at the address where the notices were sent at the time of trial; and the defendant did not communicate with his attorney before trial, or advise the court of any change of address. This circumstantial evidence is sufficient to evidence an intent on the part of the defendant to avoid or be absent from the trial. In addition, a reasonable inference from the evidence is that the defendant had knowledge of the new trial date but chose not to appear. His actions were irresponsible and should not be rewarded. Yet that is precisely what the majority has done by reversing this case for a new trial.

Furthermore, the record clearly shows that defendant has a long history of contact with the criminal justice system, having been convicted previously of several

other crimes. Therefore, he has some knowledge of criminal procedure and the importance of maintaining contact with his counsel and the court. In addition, the defendant's attorney was present at trial, and provided him with a full defense.

We should hold that the defendant's absence constituted a waiver of his right to be present at trial. He failed to appear at his first trial, and made no effort whatsoever to communicate with his counsel or the court with respect to the second trial. This was not the situation presented by either *Fennell,* or *Reel v. State* (1991), Ind.App., 567 N.E.2d 845.

I would affirm the trial court.