**Steve J. GILLESPIE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 17A05–9304–CR–141.**

Court of Appeals of Indiana,
Fifth District.

June 2, 1994.

Transfer Denied July 19, 1994.

Hugh N. Taylor, Auburn, for appellant.

Pamela Carter, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Indianapolis, for appellee.

SHARPNACK, Chief Judge.

Steve J. Gillespie appeals the sentence imposed by the trial court after Gillespie was tried *in absentia* and convicted of theft, a class D felony, and of being a habitual offender. We affirm.

Gillespie presents one issue for our review, which we restate as whether the trial court erred in sentencing Gillespie *in absentia*.

On February 28, 1992, Gillespie was charged with theft and intimidation threatening a forcible felony. On March 16, 1992, Gillespie pleaded not guilty. Also on March 16, 1992, the State withdrew the intimidation charge, and indigent counsel for Gillespie was appointed. On October 19, 1992, Gillespie appeared for a guilty plea hearing. The court determined that a basis in fact for a guilty plea could not be established, however, and Gillespie was informed that his trial was set for November 4, 1992, at 8:20 a.m. On October 30, 1992, the State filed an amendment to the theft charge, adding an allegation that Gillespie was a habitual offender.

Gillespie failed to appear for the trial. Gillespie was tried *in absentia* and was convicted of theft and of being a habitual offender. On November 5, 1992, an arrest warrant was issued for Gillespie. On January 15, 1993, Gillespie was sentenced *in absentia* to an executed term of eighteen (18) years imprisonment.

Gillespie argues that under Indiana law, a defendant may not be sentenced *in absentia* without a knowing and voluntary waiver of his right to be present at sentencing. *See Slocumb v. State* (1991), Ind.App., 568 N.E.2d 1068, 1070–71, *affirmed in part and reversed in part on other grounds*, 573 N.E.2d 427. Gillespie contends further that a knowing and voluntary waiver of this right requires a showing that the defendant is aware of the sentencing date. We disagree, although we acknowledge that Indiana law is less than clear on this point.

It is well established that a defendant has the right to be present at sentencing. *Disney v. State* (1982), Ind.App., 441 N.E.2d 489. Indiana Code § 35–38–1–4(a) provides:

"The defendant must be personally present at the time sentence is pronounced. If the defendant is not personally present when sentence is to be pronounced, the court may issue a warrant for his arrest."

I.C. § 35–38–1–4(a). A defendant may waive his right to be present at sentencing if it is shown that his absence is knowing and voluntary. *Crank v. State* (1987), Ind.App., 502 N.E.2d 1355, *reh'g denied, trans. denied.* In *Cleff v. State* (1991), Ind.App., 565 N.E.2d 1089, *trans. denied,* cited by Gillespie, this court cites the Indiana Supreme Court's opinion in *Williams v. State* (1988), Ind., 526 N.E.2d 1179, for the holding that "[a] trial court may conclude a defendant's absence from sentencing is knowing and voluntary when there is evidence the defendant knew the date of sentencing." *Cleff,* 565 N.E.2d at 1090. A look at *Williams* and a subsequent supreme court case reveals, however, that this statement of law in *Cleff* may be a misleading interpretation of *Williams*. The *Williams* court stated:

"It is well established that a criminal defendant can waive his right to be present at his trial when his absence evidences a knowing and voluntary absence. It is proper for the court to proceed to try him *in absentia*. In *Fennell v. State* (1986), Ind., 492 N.E.2d 297, 299–300, this court held that the trial court may conclude that a defendant's absence is knowing and voluntary when there is evidence he knew the scheduled day of his trial and the best evidence of this knowledge is his presence in court the day the matter is set for trial. Williams was not only present on the day his cause was set, he was there the day before when his cause was in trial. [citation omitted] For the same reasons, it also was proper for the trial court to sentence Williams on July 2."

*Williams,* 526 N.E.2d at 1180. This holding would appear to support the quotation from *Cleff* above, but the facts of *Williams* indicate otherwise. Williams was present in court on June 15, 1987, the first day of his trial, but he did not appear on June 16, 1987, the second and last day of the trial. *Id.* On that date, Williams was found guilty of both charges against him. *Id.* Presumably, a date for sentencing was set on June 16, 1987; it could not have been set prior to the guilty verdict. On July 2, 1987, "Williams still had not been located and the trial court had a sentencing hearing and pronounced sentence on him." *Id.* The question of Williams' awareness of the sentencing date does not enter into the court's reasoning; the relevant fact appears to be that he remained a fugitive. The supreme court's opinion in *Williams,* therefore, should be interpreted to mean that where a defendant has knowingly and voluntarily waived his right to be present at trial, his continuing absence may be considered a knowing and voluntary waiver of his right to be present at sentencing.

This interpretation is supported by the supreme court's holding in *James v. State* (1989), Ind., 541 N.E.2d 264, where the court found that James was properly sentenced *in absentia* under the following facts: After James failed to appear for an initial hearing, a warrant was issued for his arrest. *James v. State* (1989), Ind.App., 534 N.E.2d 1113, 1114. In February, 1987, James was tried by a jury and convicted *in absentia. Id.* In March, 1987, James was sentenced *in absentia. Id.* On April 24, 1987, James was apprehended. *Id.* Thus, having failed to appear for his trial and remaining at large well beyond his sentencing date, James was considered to have waived his right to be present at sentencing. *See also Slocumb,* 568 N.E.2d at 1070 ("[w]hereas Slocumb voluntarily waived his right to be present at trial, we find he voluntarily waived his right to be present at sentencing").

In the present case, the record shows unequivocally that Gillespie was aware of the date and time of his trial, and thus, in failing to appear, Gillespie knowingly and voluntarily waived his right to be present at trial. We conclude, therefore, that Gillespie, through his continued absence, knowingly and voluntarily waived his right to be present at sentencing.

We note that Gillespie's counsel stated at the sentencing hearing that he had spoken to Gillespie's father immediately after the trial and advised him that it would be in Gillespie's best interest to turn himself in. Gillespie's counsel assured the court that he did not know where Gillespie was and that he did not have a current address for Gillespie. The probation department, likewise, was unable to locate Gillespie in preparing its presentence report. At the sentencing hearing, the court noted that the warrant for Gillespie's arrest remained outstanding. Under these circumstances, Gillespie's failure to appear must be regarded as a knowing and voluntary waiver of his right to be present at sentencing. To find otherwise would be to permit defendants to delay sentencing or to evade indefinitely a final judicial administration of their cases simply by keeping their whereabouts unknown to the courts.

Accordingly, Gillespie's sentence is affirmed.

AFFIRMED.

BARTEAU and RUCKER, JJ., concur.