**Charles Wesley WRIGHT,**
**Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 10A01–9512–CR–399.

Court of Appeals of Indiana.

March 22, 1996.

---

Dawn R. Elston, Chief Public Defender, Jeffersonville, for appellant.

Pamela Carter, Attorney General, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

BAKER, Judge.

This is an interlocutory appeal brought by Chief Public Defender Dawn R. Elston challenging the trial court's order denying her motion to withdraw as appointed appellate counsel for appellant-defendant Charles Wesley Wright. Specifically, Elston argues that the trial court abused its discretion in denying her motion to withdraw in which she cited several conflicts of interest with Wright.

### FACTS.

On January 6, 1995, Wright was charged with three counts of Harassment,[1] as Class B misdemeanors, and Intimidation,[2] a Class D felony. At Wright's initial hearing, Wright stated that he wanted to proceed pro se. However, to assure Wright a fair trial, the judge appointed Elston, a Clark County Public Defender, to act as stand-by counsel on Wright's behalf. Wright objected to Elston's appointment as well as her presence at his trial. In fact, on the morning of his trial, Wright warned Elston not to interfere with his right to represent himself and threatened Elston with a lawsuit if she interfered. As a result, Elston sat in the back of the courtroom during Wright's trial and did not participate. Wright did not request Elston's assistance at any time. On April 7, 1995, Wright was convicted as charged and the trial court sentenced him to four and one-half years imprisonment.

After sentencing, Wright requested that the trial court appoint a public defender to

---

1.  IND.CODE § 35–45–2–2.

2.  IND.CODE § 35–45–2–1.

assist him in perfecting his appeal. At that time, the trial court appointed Elston to assist Wright. Thereafter, on June 19, 1995, Wright filed a motion with the trial court requesting that Elston be removed from his case and that the trial court appoint a state, rather than a county public defender. Subsequently, on August 29, 1995, Elston filed a motion to withdraw as Wright's appointed appellate counsel citing conflicts of interest with Wright. Thereafter, on September 21, 1995, Wright filed a civil malpractice complaint against Elston alleging that Elston, as his court appointed stand-by trial counsel, failed to advise and assist him in his defense.

After a hearing, the trial court issued a September 28, 1995, order denying Elston's motion to withdraw as Wright's appellate counsel and denying Wright's motion to have Elston removed and a state public defender appointed. Pursuant to Ind.Appellate Rule 4(B)(5), Elston brought this interlocutory appeal.

### DISCUSSION AND DECISION[3]

■ Elston argues that the trial court committed reversible error when it denied her motion to withdraw as Wright's appellate counsel. An attorney has no unilateral right to withdraw from a case without proof of cause and/or consent of his client and the permission of the court. *Slocumb v. State*, 568 N.E.2d 1068, 1070 (Ind.Ct.App.1991). The trial court has the discretion to refuse a withdrawal if delay in the administration of justice will occur. *Id.* Such a determination will be reversed only when it constitutes a clear abuse of discretion which prejudices the defendant's right to a fair trial. *Id.*

■ Here, Elston argued at the September 28, 1995, hearing that she had two conflicts of interest with Wright. First, Elston stated that a disagreement developed between herself and Wright regarding how to handle the appeal. Specifically, Elston maintained that although she recognized the existence of some appealable issues, Wright insisted on asserting issues on appeal that she believed to be frivolous. In addition, Elston stated that Wright had recently filed a legal malpractice action against her alleging that she failed to advise and assist him at his trial. However, in its September 28, 1995, order denying Elston's motion to withdraw as Wright's appellate counsel, the trial court stated that Wright's malpractice claim against Elston was frivolous in that Wright insisted that Elston not interfere with his trial in any way. Supplemental Record at 21. The trial court further found that because Elston was present at Wright's trial, she was in the best position to evaluate the merits of Wright's appeal. S.R. at 22. In addition, the trial court stated that the Clark County Public Defender's Office has complied with the standards of the State Public Defender Commission and that any appointment of a state public defender would cause substantial delay and unnecessary public expense. S.R. at 22. Finally, the trial court found that because of Wright's contempt towards attorneys as a whole, it would be extremely unlikely that Wright would be satisfied with any appointed counsel, including any attorney from the State Public Defender's Office. S.R. at 22.

■ Based upon the evidence presented at the hearing, we cannot say that the trial court abused its discretion in denying Elston's motion to withdraw.[4] Moreover, although we recognize Elston's concerns that Wright may seek to appeal issues that she

---

**3.** Although this appeal is in Wright's name, in fact, the record reveals that Wright did not participate in nor approve of Elston appealing the trial court's order on his behalf. However, Elston has sought to raise both her own and Wright's challenges to the trial court's ruling. Thus, although in Wright's name, some arguments belong solely to Elston.

**4.** Additionally, Elston argues that the trial court erred in denying Wright's motion to have a state, rather than a county public defender appointed to perfect his appeal. During the hearing, Wright argued that the community as a whole was biased against him, which would negatively affect a county public defender's ability to represent him. Wright, however, failed to substantiate his claim of community bias. Further, we note that although an indigent defendant has the right to representation by counsel, he does not have the right to representation by court-appointed counsel of his choice. *Moore v. State*, 557 N.E.2d 665, 668 (Ind.1990). Thus, we cannot say that the trial court erred in denying Wright's motion.

believes are frivolous, we note that appellate counsel need not raise an issue on appeal that in her professional judgment appears frivolous or unavailing. *Schiro v. State,* 533 N.E.2d 1201, 1207 (Ind.1989), *cert. denied,* 493 U.S. 910, 110 S.Ct. 268, 107 L.Ed.2d 218 (1989). In addition, we note that although Elston expresses concern that she may be placed in the untenable position of arguing her own ineffectiveness on appeal, we find that Wright, by agreeing to proceed pro se and explicitly warning Elston to not interfere in his trial, has waived any ineffective assistance claim for purposes of appeal. *See Dack v. State,* 457 N.E.2d 600, 602 (Ind.Ct. App.1983) (defendant who chooses to proceed pro se cannot later complain of his lack of assistance of counsel). Thus, we find that the trial court did not abuse its discretion in denying Elston's motion to withdraw as Wright's appointed appellate counsel.

Judgment affirmed.

ROBERTSON and CHEZEM, JJ., concur.