## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

08/28/2017, 10:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Troy D. Warner
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Wayne Martin,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 28, 2017

Court of Appeals Case No.
71A04-1612-CR-2945

Appeal from the St. Joseph Superior Court.
The Honorable John M. Marnocha, Judge.
Trial Court Cause No.
71D02-1605-F6-407

**Barteau, Senior Judge**

## Statement of the Case

David Wayne Martin appeals from the trial court's order sentencing him in absentia on his guilty plea of theft, a Level 6 felony,[1] claiming that he was denied the opportunity to explain to the trial court the reason for his absence from his sentencing hearing, and contending that he did not voluntarily waive his right to attend. We affirm.

## Issue

Martin raises two issues which we combine and state as the following one: whether the trial court committed reversible error by proceeding to sentence Martin in his absence.

## Facts and Procedural History

On December 3, 2015, Martin stole a cell phone from Midwest Cellular in St. Joseph County. At the time he committed that theft, he had a prior conviction for theft in Hendricks County. On March 21, 2016, Martin stole a Samsung Note 5 from an AT&T store. At the time he committed the theft, he had a prior theft conviction in St. Joseph County.

On September 13, 2016, a hearing was scheduled on a motion to enter a plea pursuant to a plea agreement. The chronological case summary reflects that although the State and Martin's counsel appeared for the hearing, Martin

---

[1] Ind. Code § 35-43-4-2 (2014).

refused transport for the hearing. The matter was rescheduled for October 4, 2016. The State, Martin, and Martin's counsel all appeared for the October 4 hearing at which time Martin acknowledged the terms of the agreement and the trial court took the plea under advisement. Pursuant to the terms of the plea agreement, Martin's sentence was to be left open to argument with the maximum amount of executed time to be capped at thirty months. The trial court announced that the sentencing hearing would take place on November 2, 2016.

[5] Martin was not present at the hearing on November 2, 2016. The following is the exchange between the trial court and Martin's counsel:

> THE COURT: These are Cause Nos. 16-F6-13, 16-F6-407, and 15-CM-3051, State versus David Martin.
>
> My understanding is that Mr. Martin refused to come over today. The comment he made was that he'd rather go to the dentist.
>
> There seems to be a rash of people refusing to come over to court from the jail. And I'm quite honestly, tired of it.
>
> I believe that that is a voluntary absence from court, so the Court is going to proceed to sentencing in Mr. Martin's absence. Mr. Rose?
>
> MR. ROSE: Thank you, Judge.
>
> I would simply make a Record of the defendant's objection to proceed in absentia with sentencing.

Sentencing Tr. p. 3. Martin's counsel did not move for a continuance of the sentencing hearing. Instead, he and the State proceeded with arguments on the issue of sentencing.

[6] The trial court accepted the plea agreement, entered judgment of conviction, and sentenced Martin to consecutive sentences totaling thirty months. The trial court allowed Martin to file a belated notice of appeal and this appeal ensued.

## Discussion and Decision

[7] Martin contends that the trial court committed reversible error by denying him the right to be present at his sentencing hearing and by failing to give him the opportunity to explain his absence from the sentencing hearing.

[8] We acknowledge the longstanding principle that a defendant has the right to be present at sentencing. *Gillespie v. State*, 634 N.E.2d 862, 863 (Ind. Ct. App. 1994), *trans. denied*. Indeed, Indiana Code section 35-38-1-4(a) (1983) provides that, "The defendant must be personally present at the time sentence is pronounced. If the defendant is not personally present when sentence is to be pronounced, the court may issue a warrant for his arrest." A defendant may waive the right to be present at his sentencing hearing if it is shown that his absence is knowing and voluntary. *Gillespie*, 634 N.E.2d at 863.

[9] Here, the record reflects that Martin was present in court with counsel when the date of his sentencing hearing was announced. Therefore, the record reflects that his absence from the hearing was knowing and voluntary. To the extent he argues that he was entitled to the opportunity to provide an explanation to the court, we note the cases he cites involve defendants who were *tried* in absentia. Further, Martin did not request a continuance of the sentencing hearing, and he had refused transport on at least one prior occasion.

The trial court stated on the record that Martin had expressed the desire to visit a dentist instead of attending his hearing. There is no admissible evidence to rebut the trial court's finding that Martin's absence from his sentencing hearing was both knowing and voluntary.

## Conclusion

In light of the foregoing, we affirm the trial court's decision.

Affirmed.

Mathias, J., and Bradford, J., concur.